# EXHIBIT A

1

1    DARIO DE GHETALDI – Bar No. 126782
     AMANDA L. RIDDLE – Bar No. 215221
2    COREY, LUZAICH, DE GHETALDI, NASTARI & RIDDLE LLP
     700 El Camino Real
3    P.O. Box 669
     Millbrae, California 94030-0669
4    Telephone:    (650) 871-5666
     Facsimile:     (650) 871-4144
5

6    PARVIZ DARABI – Bar No. 209021
     ANDREW G. WATTERS – Bar No. 237990
     DANIEL B. SWERDLIN – Bar No. 243452
7    LAW OFFICES OF PARVIZ DARABI
     500 Airport Blvd., Suite 150
8    Burlingame, CA 94010
     Telephone:    (650) 343-5357
9    Facsimile:     (650) 343-5391

10   Attorneys for Plaintiff

11   [Additional Plaintiffs' Counsel Appear on Signature Page]

12

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

13

## IN AND FOR THE COUNTY OF SAN MATEO

14

VIA FAX    CIV ▨▨▨▨▨▨

15

16   LILLIANA SANCHEZ, YOLANDA      Case No.
     CAMEY, JUAN CARLOS RAMIREZ, JOSE
17   ANTONIO HERNANDEZ, JUAN CARLOS     **CLASS ACTION**
     HERNANDEZ, JOSE ALFARO, IRMA
18   GONZALEZ AGUILAR, LUCINA       COMPLAINT FOR DAMAGES:
     CALINDO, individually and on behalf of all
19   others similarly situated,           1.   Misclassification as Independent
                                Contractors and Private Attorney Gen.
20        Plaintiffs,                    Act (PAGA); Violation of Labor Code
                                §§ 226.8 and 2698, et seq.;
21       vs.
                             2.   Unlawful Terms and Conditions and
22   CAPITAL CONTRACTORS INC., a New        Private Attorney Gen. Act (PAGA);
      York Corporation which will do business in      Violation of Labor Code §§ 432.5 and
23   California as, CAPITAL BUILDING         2698, et seq.;
      MAINTENANCE SERVICES INC.; and
24   DOES 1-30, inclusive, DOES 1 to 30,       3.   Failure to Indemnify and Private Attorney
      inclusive,                          Gen. Act (PAGA); Violation of Labor
25             Defendants.            Code §§ 2802 and 2698, et seq.;
26                                 4.   Unlawful Deductions and Secret Under
                                Payment of Wages and Private Attorney
27                                 Gen. Act (PAGA); Violation of Labor
                                Code §§ 221, 223, 224, 1198, 2698, et
28                                 seq. and IWC Wage Order;

**FILED**
SAN MATEO COUNTY
APR 25 2014
Clerk of the Superior Court
By_____
DEPUTY CLERK

5. Failure to Pay Overtime Wages and Private Attorney Gen. Act (PAGA); Violation of Labor Code §§ 510, 1198, 2698, et seq. and IWC Order;

6. Failure to Provide Meal Periods and Private Attorney Gen. Act (PAGA); Violation of Labor Code §§ 226.7, 512 and IWC Wage Order;

7. Failure to Provide Rest Periods and Private Attorney Gen. Act (PAGA); Violation of Labor Code § 226.7 and IWC Wage Order;

8. Failure to Pay Minimum Wages and Private Attorney Gen. Act (PAGA); Violation of Labor Code §§ 1197, 1198, 2698, et seq. and IWC Wage Order;

9. Failure To Provide Accurate Itemized Wage Statements and Private Attorney Gen. Act (PAGA); Violation of Labor Code §§ 226, 1174, 1198, 2698, et seq. and IWC Wage Order ;

10. Failure to Pay Timely Wages During Employment and Private Attorney Gen. Act (PAGA); Violation of Labor Code §§ 204, 1198, 2698, et seq.;

11. Failure to Pay Wages Due Upon Termination of Employment and Private Attorney Gen. Act (PAGA); Violation of Labor Code §§ 201, 202, 2698, et seq.;

12. Negligent Misrepresentation; Civil Code §1709, 1710;

13. Unfair Business Practice; Violation of Business & Professions Code §§17200, et seq.;

Plaintiffs DEMAND JURY TRIAL

# TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT ................................................................. 1

II.   JURISDICTION AND VENUE ............................................................... 3

III.  THE PARTIES ...................................................................................... 3

    A.    Defendants ................................................................................... 3

    B.    Plaintiffs ...................................................................................... 4

IV.   FACTUAL ALLEGATIONS ................................................................. 6

    A.    Allegations Regarding Independent Contractors ("ICs") ................... 7

    B.    Allegations Relating to Janitorial Workers ("JWs") ......................... 11

V.    Class Period ........................................................................................ 15

VI.   Class Definition .................................................................................. 15

VII.  CLASS ALLEGATIONS ..................................................................... 16

    A.    Numerosity & Ascertainability ..................................................... 16

    B.    Commonality ............................................................................... 17

    C.    Typicality .................................................................................... 18

    D.    Adequacy of Representation .......................................................... 19

    E.    Superiority of Class Action ........................................................... 19

VIII. Exhaustion of Notice Requirement and Designation Under Labor Code § 2698, et seq., Private Attorney General Act ("PAGA") ............................................... 20

**FIRST CAUSE OF ACTION** Misclassification as Independent Contractors and Private Attorney Gen. Act (PAGA) (Violation of Labor Code §§ 226.8 and 2698, et seq.) (Alleged by Class I: California-based ICs represented by Plaintiffs SANCHEZ, CAMEY, RAMIREZ against Defendant CAPITAL, and all applicable DOES 1-30)............................... 21

**SECOND CAUSE OF ACTION** Unlawful Terms and Conditions and Private Attorney Gen. Act (PAGA) (Violation of Labor Code §§ 432.5 and 2698, et seq.) (Alleged by Class I: California- based ICs represented by Plaintiffs SANCHEZ, CAMEY, RAMIREZ against Defendant CAPITAL, and all applicable DOES 1-30)..................................... 23

**THIRD CAUSE OF ACTION** Failure to Indemnify for Expenses and Losses in Discharging Duties and Private Attorney Gen. Act (PAGA) (Violation of Labor Code §§ 2802 and 2698, et seq.) (Alleged by Class I, II and III: California- based ICs and JWs represented by Plaintiffs SANCHEZ, CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO against Defendant CAPITAL, and all applicable DOES 1-30) ............................................................................... 24

i

**FOURTH CAUSE OF ACTION** Unlawful Deductions, Repayment of Wages and Secret Underpayment of Wages and Private Attorney Gen. Act (PAGA) (Violation of Labor Code §§221, 223, 224, 1198, 2698, et seq. IWC Wage Order "Hours and Days of Work" and "Minimum Wage" Sections) (Alleged by Class I, II and III: California- based ICs and JWs represented by Plaintiffs SANCHEZ, CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO against Defendant CAPITAL, and all applicable DOES 1-30)...................................................................... 26

**FIFTH CAUSE OF ACTION** Failure to Pay Overtime Wages and Private Attorney Gen. Act (PAGA) (Violation of Labor Code §§ 510, 1198, 2698, et seq. and IWC Wage Order "Hours and Days of Work" Section) (Alleged by Class I, II and III: California- based ICs and JWs represented by Plaintiffs SANCHEZ, CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO against Defendant CAPITAL, and all applicable DOES 1-30)................................................................................ 30

**SIXTH CAUSE OF ACTION** Failure to Provide Meal Periods and Private Attorney Gen. Act (PAGA) (Violation of Labor Code §§ 226.7, 512, and IWC Wage Order "Meal Periods" Section) (Alleged by Class I, II and III: California-based ICs and JWs represented by Plaintiffs SANCHEZ, CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO against Defendant CAPITAL, and all applicable DOES 1-30) ......................................................................................... 33

**SEVENTH CAUSE OF ACTION** Failure to Provide Rest Periods and Private Attorney Gen. Act (PAGA) (Violation of Labor Code § 226.7 and IWC Wage Order "Rest Periods" Section) (Alleged by Class I, II and III: California- based ICs and JWs represented by Plaintiffs SANCHEZ, CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO against Defendant CAPITAL, and all applicable DOES 1-30)................................................................................................. 35

**EIGHTH CAUSE OF ACTION** Failure to Pay Minimum Wages and Private Attorney Gen. Act (PAGA) (Violation of Labor Code §§1197, 1198, 2698, et seq. and IWC Wage Order "Minimum Wage" Section) (Alleged by Class I, II and III: California- based ICs and JWs represented by Plaintiffs SANCHEZ, CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO against Defendant CAPITAL, and all applicable DOES 1-30)................................................................ 38

**NINTH CAUSE OF ACTION** Failure to Provide and Maintain Accurate Itemized Wage Statements and Private Attorney Gen. Act (PAGA) (Violation of Labor Code §§ 226, 1174, 1198, 2698, et seq. and IWC Wage Order "Records" Section) (Alleged by Class I, II and III: California- based ICs and JWs represented by Plaintiffs SANCHEZ, CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO against Defendant CAPITAL, and all applicable DOES 1-30) ............................... 41

**TENTH CAUSE OF ACTION** Failure to Pay Timely Wages During Employment and Private Attorney Gen. Act (PAGA) (Violation of Cal. Labor Code §§ 204, 1198, 2698, et seq. and IWC Wage Order) (Alleged by Class I, II and III: California- based ICs and JWs represented by Plaintiffs SANCHEZ, CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO against Defendant CAPITAL, and all applicable DOES 1-30) ....................................................................... 46

**ELEVENTH CAUSE OF ACTION** Failure to Pay Wages Due Upon Termination and Private Attorney Gen. Act (PAGA) (Violation of Labor Code §§ 201, 202, 203, 2698, et seq. and IWC Wage Order) (Alleged by Class I, II and III: California- based ICs and JWs represented by Plaintiffs SANCHEZ, CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO against Defendant CAPITAL, and all applicable DOES 1-30) ....................................................................... 49

ii

**TWELFTH CAUSE OF ACTION** Negligent Misrepresentation (Civil Code §§ 1709-1710) (Alleged by Class I: California-based ICs represented by Plaintiffs SANCHEZ, CAMEY, and RAMIREZ against Defendant CAPITAL, and all applicable DOES 1-30) ......... 51

**THIRTEENTH CAUSE OF ACTION** Unfair Business Practice (Business & Professions Code §§ 17200, et seq.) (Alleged by Class I, II and III: California-based ICs and JWs represented by Plaintiffs SANCHEZ, CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO against Defendant CAPITAL, and all applicable DOES 1-30) ................................................................................. 53

**PRAYER FOR RELIEF** ............................................................................. 56

**DEMAND FOR JURY TRIAL** .................................................................. 57

Plaintiffs LILLIANA SANCHEZ, YOLANDA CAMEY, JUAN CARLOS RAMIREZ, JOSE ANTONIO HERNANDEZ, JUAN CARLOS HERNANDEZ, JOSE ALFARO, IRMA GONZALEZ AGUILAR, and LUCINA CALINDO (hereinafter collectively referred to as "Plaintiffs"), on behalf of themselves and all others similarly situated, bring this action against Defendant CAPITAL CONTRACTORS INC., dba CAPITAL BUILDING MAINTENANCE SERVICES INC. (hereinafter referred as "CAPITAL") and allege as follows:

## I.  PRELIMINARY STATEMENT

1.  CAPITAL operates a large-scale janitorial services operation. Plaintiffs worked for CAPITAL during the period of April 2010 through the present.

2.  This is a class action pursuant to Code of Civil Procedure § 382 for wage and labor violations arising out of CAPITAL's misclassification and mistreatment of its employees. In particular, CAPITAL systematically (a) misclassified full-time employees as independent contractors; and (b) deprived employees of timely and accurate wages.

3.  CAPITAL contracts with companies to perform janitorial work for CAPITAL's clients. CAPITAL misclassifies the owners of these companies as independent contractors ("ICs".)  The ICs then perform the janitorial work for CAPITAL's clients, and/or employ janitorial workers ("JWs") to perform the janitorial work for CAPITAL's clients.

4.  The ICs are responsible for cleaning CAPITAL's clients' properties and/or marshaling and overseeing the JWs, who clean CAPITAL's clients' properties. CAPITAL's policies and practices require all ICs to be on-call and immediately responsive twenty-four (24) hours per day, three hundred and sixty-five (365) days per year. Despite the "independent contractor" classification, CAPITAL mandates that its ICs: purchase CAPITAL uniforms; don CAPITAL uniforms when at a client's site; purchase and use specific supplies and chemicals from CAPITAL; receive payment via direct deposit only, and pay any and all related fees for the service; follow CAPITAL's strict instructions as to the number of hours spent cleaning each client's location; report the number of hours spent cleaning each client's location (via a clock-in/clock-out system which is directly connected to CAPITAL's headquarter office) and face disciplinary action, including a reduced work schedule, for failure to spend the number of

hours set by CAPITAL cleaning each client's location; and obey CAPITAL's ultimate supervision as to the quality and completion of any given cleaning job. Plaintiffs are informed and believe, and thereon allege, that CAPITAL paid, and continues to pay, its ICs at an hourly rate based on the number of hours ICs/JWs spend cleaning each location as reported via CAPITAL's clock-in/clock-out system (IVR system), which CAPITAL monitors on a regular basis. Furthermore, CAPITAL holds ultimate control over all employment decisions with respect to the workers hired and fired by the ICs.

5.      JWs are hired by and follow direct orders from CAPITAL, through ICs who, as detailed above, are employees of CAPITAL, though misclassified as "independent contractors." CAPITAL uniformly mandates that all JWs don a CAPITAL uniform; spend the majority, if not all, of their time (between 90%-100%) performing labor-oriented, non-administrative, and non-managerial tasks; and report the hours they work directly to CAPITAL via a clock-in/clock-out system. If the hours reported do not match the number of hours CAPITAL requires JWs to spend at each location, CAPITAL will reduce the work schedule of the JW. JWs were, and continue to be, paid at an hourly rate and should be properly classified as non-exempt hourly employees of CAPITAL.

6.      The independent contractor arrangement is a sham, used knowingly and deliberately by CAPITAL to evade their legal responsibilities to the ICs and JWs. Specifically, CAPITAL's systematic practice of misclassifying its employees as independent contractors, when in fact they are non-exempt employees, results in CAPITAL failing to pay wages owed when due, failing to indemnify employees for expenses incurred, failing to make proper deductions and provide required wage statements, failing to pay overtime wages, failing to authorize and permit rest breaks, and failing to relieve the ICs and JWs for uninterrupted 30-minute meal periods(s).

7.      Plaintiffs now bring this lawsuit on behalf of themselves and other similarly situated current and/or former employees of CAPITAL for injunctive relief, declaratory relief, enforcement, and monetary relief. Plaintiffs seek to recover, *inter alia*, unpaid wages and benefits, losses/expenses, damages, interest, attorney's fees, penalties, and costs – including

without limitation those permitted under the Labor Code, the IWC Wage Orders, the Business and Professions Code, and the Civil Code. Plaintiffs further seek to recover monetary damages for CAPITAL's violations of Business and Professions Code § 17200, et. seq., including full restitution and/or disgorgement of all revenues, earnings, profits, compensation and benefits retained by CAPITAL as a result of its unfair, unlawful, and fraudulent business practices.

## II.   JURISDICTION AND VENUE

8.     This court has jurisdiction over this action and CAPITAL pursuant to Code of Civil Procedure § 410.10. This is a civil action wherein the matter in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of the Court. CAPITAL presently and at all times relevant to this action has conducted substantial, systematic and continuous commercial activities in California.

9.     Venue is proper in this judicial district pursuant to Code of Civil Procedure §§ 395(a) and 395.5 as at least some of the acts and omissions complained of in this action occurred in the County of San Mateo in the State of California. CAPITAL either owns, maintains offices, transacts business, has an agent or agents within the County of San Mateo or otherwise is found within the County of San Mateo, and each of the defendants is within the jurisdiction of this Court for purposes of service of process.

## III.   THE PARTIES

### A.   Defendants

10.     Defendant CAPITAL is a New York corporation duly authorized to do business throughout the State of California. CAPITAL is an "employer" as defined and regulated by the Labor Code, the IWC Wage Order, and California common law.

11.     The true names, capacities, relationships and extent of participation in the conduct alleged herein of the defendants named as DOES 1 through 30, inclusive, are presently unknown to Plaintiffs, but Plaintiffs are informed and believe, and thereon allege, that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sue these defendants by such fictitious names. Plaintiffs will amend this complaint when their true names and capabilities are ascertained.

12.     Plaintiffs are informed and believe, and thereon allege, that each defendant – whether named or fictitious, directly or indirectly, or through agents or other persons – engaged Plaintiffs and their fellow CAPITAL employees and exercised control over their wages, hours, and/or working conditions. Plaintiffs are informed and believe, and thereon allege, that each defendant acted and/or ratified in all respects pertinent to this action as the agent of the other defendants; Plaintiffs are informed and believe, and thereon allege, that each defendant carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants.

**B.     Plaintiffs**

13.     Plaintiff LILIANA SANCHEZ (hereinafter referred as "SANCHEZ") worked for CAPITAL as an IC from on or about November 2006 until on or about April 2013 in various counties in California – on CAPITAL's behalf and in conformance with CAPITAL's specific directives and instructions. SANCHEZ was paid on an hourly basis based on the number of hours JWs worked at each location which were pre-authorized by CAPITAL to be spent cleaning each location, and from this amount had to pay the wages of each of her JWs, all business expenses, as well as her own wages. SANCHEZ should have been properly classified as a non-exempt employee of CAPITAL.

14.     Plaintiff YOLANDA CAMEY (hereinafter referred as "CAMEY") worked for CAPITAL as an IC from on or about 1999 until on or about March 2013 – on CAPITAL's behalf and in conformance with CAPITAL's specific directives and instructions. CAMEY was paid on an hourly basis based on the number of hours JWs worked at each location which were pre-authorized by CAPITAL to be spent cleaning each location, and from this amount had to pay the wages of each of her JWs, all business expenses, as well as her own wages. CAMEY should have been properly classified as a non-exempt hourly employee of CAPITAL.

15.     Plaintiff JUAN CARLOS RAMIREZ (hereinafter referred as "RAMIREZ") worked for CAPITAL as an IC from on or about 2007 until on or about February of 2013 in various counties in California – on CAPITAL's behalf and in conformance with CAPITAL's specific directives and instructions. RAMIREZ was paid on an hourly basis based on the

number of hours JWs worked at each location which were pre-authorized by CAPITAL to be spent cleaning each location, and from this amount had to pay the wages of each of her JWs, all business expenses, as well as her own wages. RAMIREZ should have been properly classified as a non-exempt employee of CAPITAL.

16.     Plaintiff JOSE ANTONIO HERNANDEZ (hereinafter referred as "JOSE HERNANDEZ") worked as a JW from on or about December 2009 until on or about March 2013 in various counties in California – on CAPITAL's behalf and in conformance with CAPITAL's specific directives and instructions. JOSE HERNANDEZ was paid on an hourly basis for his work as a JW on behalf of CAPITAL. He should have been properly classified as a non-exempt employee of CAPITAL.

17.     Plaintiff JUAN CARLOS HERNANDEZ (hereinafter referred as "JUAN HERNANDEZ") worked as a JW from on or about December 2010 until on or about November 2012 in various counties in California – on CAPITAL's behalf and in conformance with CAPITAL's specific directives and instructions. JUAN HERNANDEZ was paid on an hourly basis for his work as a JW on behalf of CAPITAL. He should have been properly classified as a non-exempt employee of CAPITAL.

18.     Plaintiff JOSE ALFARO (hereinafter referred as "ALFARO") worked as a JW from on or about March 2007 until on or about February 2013 in various counties in California – on CAPITAL's behalf and in conformance with CAPITAL's specific directives and instructions. ALFARO was paid on any hourly basis for his work as a JW on behalf of CAPITAL. He should have been properly classified as a non-exempt employee of CAPITAL.

19.     Plaintiff IRMA GONZALEZ AGUILAR (hereinafter referred as "AGUILAR") worked as a JW from on or about 2009 until on or about February 2013 in various counties in California – on CAPITAL's behalf and in conformance with CAPITAL's specific directives and instructions. AGUILAR was paid on a salary (i.e. flat-rate) basis for her performance of JW services on behalf of CAPITAL. She should have been properly classified as a non-exempt employee of CAPITAL.

Plaintiffs' Complaint for Damages Against Defendant Capital Contractors, Inc.

20.     Plaintiff LUCINA GALINDO (hereinafter referred as "GALINDO") worked for CAPITAL as a JW from on or about March 2007 until on or about April of 2013 in various counties in California – on CAPITAL's behalf and in conformance with CAPITAL's specific directives and instructions. GALINDO was paid on an hourly basis for her work as a JW on behalf of CAPITAL. She should have been properly classified as a non-exempt employee of CAPITAL.

## IV.     FACTUAL ALLEGATIONS

21.     Plaintiffs are informed and believe and thereupon allege that Defendant CAPITAL provides cleaning services to major industrial clients throughout California, such as hospitals, office buildings, retail stores, and health clubs. CAPITAL is available to its clients twenty-four (24) hours per day, three hundred and sixty-five (365) days per year.

22.     Plaintiffs are informed and believe and thereupon allege that at all times relevant herein, CAPITAL employed Plaintiffs and class members – hundreds of ICs and thousands of JWs – and relied on them to provide cleaning services for its clients throughout California. CAPITAL misclassified each and every IC as an independent contractor, when, in fact, they were employees of CAPITAL. In turn, the ICs employed JWs to carry out CAPITAL's tasks. CAPITAL sets strict standards, policies, and procedures, which it applies uniformly and requires and expects the ICs and JWs to carefully follow. CAPITAL routinely monitors the details of the work of its ICs and JWs to ensure strict adherence to CAPITAL's standards, policies, and procedures.

23.     Plaintiffs are informed and believe and thereupon allege that at all times relevant herein, CAPITAL directly and/or indirectly paid Plaintiffs SANCHEZ, CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO and other California-based ICs and JWs, which are defined in ¶ 60, *supra*, as putative Class I, II, III members, less than minimum wage for the work that the performed for CAPITAL. CAPITAL failed to satisfy minimum wage requirements and secretly paid a lower wage, while purporting to pay the wage designated by statute or by contract, when it failed to pay the named Plaintiffs and Class members for the required minimum wage for "all hours

6

worked" in performing work which was incidental to cleaning services and their employment (e.g. attending meetings, scheduling employees, travelling between job sites, etc.) and consequently underpaid its ICs and JWs for the actual hours each worked. CAPITAL also failed to compensate ICs and JWs for all overtime hours worked, failed to establish a meal and rest break policy that complies with the law, maintained practices and procedures that impeded the ICs and JWs right to take meal and rest breaks, failed to provide itemized wage statements, and failed to indemnify ICs and JWs for all business expenses incurred. CAPITAL's practices, policies and procedures, or lack therefore, violated California and Federal law, and were uniformly applied at the direction of CAPITAL to the detriment of all Class members.

### A. Allegations Regarding Independent Contractors ("ICs")

24. Labor Code § 3353 defines an "independent contractor" as a "person who renders service for a specified recompense for a specified result, under the control of his principal *as to the result of his work only* and not as to the means by which such result is accomplished." (Emphasis added.)

25. The applicable Wage Order defines "employer" as any person "who directly or indirectly, or through an agent, for any other person, employs or *exercises control* over the wages, hours, or working conditions of any person." (Emphasis added.)

26. CAPITAL misclassified plaintiffs SANCHEZ, CAMEY, and RAMIREZ as "independent contractors" during the entirety of their respective engagements with CAPITAL. CAPITAL even required Plaintiffs SANCHEZ, CAMEY, and RAMIREZ – along with its other ICs – to sign agreements stating that they are "independent contractors" and not employees.

27. However, Plaintiffs are informed and believe and thereupon allege that at all times relevant herein, CAPITAL exercised strict control over the details of the work that it directed ICs to perform and supervised and controlled the means and manner by which the ICs carried out their tasks. CAPITAL also held ultimate control over the details of all employment decisions with respect to the crews of JWs employed through and supervised by ICs.

SANCHEZ, CAMEY, and RAMIREZ, and other ICs, each consistently performed the work of true "employees" during the entirety of their respective engagements with CAPITAL.

28.     Plaintiffs are informed and believe and thereupon allege that at all times relevant herein, CAPITAL, among other things, required SANCHEZ, CAMEY, and RAMIREZ and other ICs to: a) remain on-call twenty-four (24) hours per day, three hundred and sixty-five (365) days per year; b) don, purchase from CAPITAL, and enforce the donning and purchasing of, CAPITAL uniforms (a shirt with CAPITAL logo); c) purchase from CAPITAL and use specific supplies and chemicals for cleaning the facilities, as dictated by CAPITAL; d) receive their wages from CAPITAL via direct deposit only, a service for which they were charged; e) follow CAPITAL's strict instructions as to the locations of work and the number of hours to be spent cleaning each location; f) clock-in/clock-out at each location using CAPITAL's IVR computer system; and g) obey CAPITAL's ultimate supervision as to the details, manner, and quality of any given cleaning job.

29.     Plaintiffs are informed and believe and thereupon allege that CAPITAL keeps track of the number of hours that are spent cleaning each location through a clock-in/clock-out IVR computer system, which is directly connected to CAPITAL's headquarter office and monitored by CAPITAL on a daily basis. CAPITAL controls the number of hours ICs spend cleaning each location by preparing the schedules, shifts, and specifically dictating the number of hours to be spent cleaning each location. Likewise, if the number of hours in any given shift/day/week transmitted to CAPITAL via CAPITAL's IVR system does not conform to the hours pre-approved by CAPITAL, then ICs, and ultimately JWs will face negative consequences and punishment by way of, among other things, deductions from their wages.

30.     Plaintiffs are informed and believe and thereupon allege that at all times relevant herein, CAPITAL disciplined and terminated Plaintiffs SANCHEZ, CAMEY, and RAMIREZ and other ICs.

31.     Plaintiffs are informed and believe and thereupon allege that at all times relevant herein, CAPITAL exercised that same dominion and control over every IC that CAPITAL employed.

32. The services Plaintiffs SANCHEZ, CAMEY, and RAMIREZ and other ICs performed are a regular and integral part of CAPITAL's business.

33. Plaintiffs are informed and believe and thereupon allege that Defendant CAPITAL deliberately misclassified SANCHEZ, CAMEY and RAMIREZ as "independent contractors" – instead of employees – in order to gain an unfair workforce advantage. CAPITAL knew or should have known that such classifications clearly violate the Labor Code and IWC Wage Orders and run afoul of public policy. Furthermore, CAPITAL included terms in its agreements with Plaintiffs SANCHEZ, CAMEY and RAMIREZ that it knew or should have known were prohibited by law.

34. As with Plaintiffs SANCHEZ, CAMEY and RAMIREZ, Plaintiffs are informed and believe and thereupon allege that CAPITAL exercised a uniform policy and practice of misclassifying all California-based ICs for the purpose of gaining an unfair workforce advantage.

35. CAPITAL's uniform policies and practices and strict control over its ICs required the ICs to regularly work overtime. At all times relevant herein, Plaintiffs SANCHEZ, CAMEY and RAMIREZ and other ICs each worked more than eight (8) hours during a single day for CAPITAL and more than forty hours (40) during a single week for CAPITAL. CAPITAL failed to pay the ICs at any overtime rate of pay in connection with work they performed on behalf of CAPITAL, even though CAPITAL had the ability to monitor and did monitor the hours worked by all ICs, and, therefore, knew or should have known that overtime hours were being worked and these hours were going uncompensated.

36. Plaintiffs SANCHEZ, CAMEY and RAMIREZ and other ICs each travelled between job sites on behalf of CAPITAL. CAPITAL also failed to compensate ICs for travel time or other time considered by CAPITAL to be "off-the-clock." Thus, the ICs did not receive minimum wage for all hours worked, in accordance with the law, when they travelled between job sites or performed other "off-the-clock" work.

37. At all times relevant herein, Plaintiffs SANCHEZ, CAMEY and RAMIREZ and other ICs regularly worked sufficient hours to require that they be provided with rest breaks.

However, CAPITAL lacked a policy requiring that ICs be authorized or permitted the amount of rest break time required by law. Rather, CAPITAL's uniformly applied practice impeded the ICs right to take rest breaks. As such, Plaintiffs SANCHEZ, CAMEY and RAMIREZ and other ICs were not authorized or permitted the amount of rest break time required by law and missed such breaks.

38. At all times relevant herein, Plaintiffs SANCHEZ, CAMEY and RAMIREZ and other ICs regularly worked sufficient hours to require that they be provided with meal breaks. However, CAPITAL lacked a policy requiring that ICs be relieved of all duty for an uninterrupted 30-minute meal period. Rather, CAPITAL's uniformly applied practice impeded the ICs right to take meal breaks. As such, Plaintiffs SANCHEZ, CAMEY and RAMIREZ and other ICs regularly were not relieved of duty for an uninterrupted 30-minute period.

39. CAPITAL also failed to indemnify ICs for necessary expenditures incurred in performing work for CAPITAL, including but not limited to mandatory CAPITAL uniforms, CAPITAL-required supplies and materials, mandatorily-incurred direct deposit fees, and tax-related expenses resulting from the "independent contractor" classification. Furthermore, CAPITAL regularly deducted and withheld sums of money from ICs' wages, for expenses that CAPITAL mandated ICs incur, including but not limited to CAPITAL uniforms, CAPITAL-required supplies and cleaning materials, and direct deposit fees. In addition, the ICs were forced to incur tax-related expenses and CAPITAL failed to pay all withholdings and employer taxes as a result of the "independent contractor" misclassification.

40. At all times relevant herein, flowing from its failures with respect to the misclassification, compensation, and reimbursement of ICs, as alleged above, CAPITAL has regularly failed to timely issue complete and accurate wage statements to the ICs, including Plaintiffs SANCHEZ, CAMEY and RAMIREZ. Likewise, CAPITAL has consistently failed to timely remit final payment in full to ICs who no longer work with CAPITAL, including Plaintiffs SANCHEZ, CAMEY and RAMIREZ.

41. CAPITAL's conduct, as alleged herein, has caused Plaintiffs SANCHEZ, CAMEY and RAMIREZ and other ICs to suffer damages including, but not limited to, loss of

wages and compensation. CAPITAL is liable to Plaintiffs SANCHEZ, CAMEY and RAMIREZ and other ICs for failing to pay overtime wages, failing to relieve ICs of their duties for uninterrupted 30-minute period(s), failing to authorize and permit rest breaks, failing to pay all wages owed on each pay period, failing to provide timely and accurate wage statements, failing to pay all wages owed upon termination, failing to indemnify them for expenses CAPITAL mandated that they incur, tax related expenses resulting from the "independent contractor" classification, and unlawful deduction and withholding of money from ICs' wages for incurred expenses and unfair competition.

42. Plaintiffs SANCHEZ, CAMEY and RAMIREZ (hereinafter collectively referred to as "IC Class Representatives") are members of and seek to be the representatives for the Class of similarly situated ICs who all have been exposed to, have suffered, and/or were permitted to work under, CAPITAL's unlawful employment practices as alleged herein.

**B. Allegations Relating to Janitorial Workers ("JWs")**

43. The applicable Wage Order defines "employer" as any person "who directly or indirectly, or through an agent, for any other person, employs or exercises control over the wages, hours, or working conditions of any person."

44. At all times relevant herein, CAPITAL was either the employer or the joint employer of the JWs in that CAPITAL exercised control over the wages, hours, and working conditions of each of the JWs.

45. At all times relevant herein, CAPITAL has held ultimate control over the manner and details of the cleaning jobs performed by JWs at each location directly and/or indirectly by and through its ICs. At all times relevant herein, CAPITAL has dictated which JW must be terminated, the number of JWs to perform each job and the total number of hours each JW is allowed to work on a given cleaning job. One of CAPITAL's employees (i.e. not an IC) will often visit the job sites to review the JWs work, and may declare certain JWs or aspects of the job unsatisfactory. A JW found performing an unsatisfactory job will face consequences including termination of his/her employment. At all times relevant herein, CAPITAL typically remits payment to the IC for disbursement to JWs. Nonetheless, when

CAPITAL dismisses an IC – or when an IC is otherwise unable to remit payment – CAPITAL remits payment directly to its JWs for all wages due and payable to date, to the extent payment is made.

46.     At all times relevant herein, CAPITAL has maintained control over the JWs' work, approving the number of hours JWs spend cleaning each location by means of preparing the shift schedules and by dictating the number of hours to be spent cleaning each location. When a JW commences cleaning at a CAPITAL client's location, s/he is required by CAPITAL to clock-into CAPITAL's IVR computer system which transmits the arrival data directly to CAPITAL. When a JW concludes cleaning at a CAPITAL client's location, s/he is required to clock-out of CAPITAL's IVR system which transmits the departure data directly to CAPITAL. This clock-in/clock-out IVR system enables CAPITAL to monitor which JW worked when, the JWs' hours, whether the JW should have received a meal or rest break, and whether the JW worked overtime.

47.     If the number of hours in any given shift/day/week transmitted to CAPITAL via CAPITAL's IVR system do not comport with the hours pre-approved by CAPITAL, then ICs and ultimately JWs face negative consequences and punishment, specifically in the form of reduced hours.

48.     The services Plaintiffs JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR, and GALINDO and other JWs performed are a regular and integral part of CAPITAL's business.

49.     At all times relevant herein, CAPITAL required Plaintiffs JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR, GALINDO and other JWs to clock-in/clock-out of CAPITAL's IVR computer system; answer to the CAPITAL supervisors (both ICs and other agents/employees of CAPITAL); wear a CAPITAL uniform; and spend the bulk of their time performing labor-oriented, non-administrative, and non-managerial tasks in connection with work performed on behalf of CAPITAL.

50.     CAPITAL's uniform practices and treatment of its ICs, and, therefore, its JWs, required the JWs to regularly work overtime. At all times relevant herein, Plaintiffs JOSE

Plaintiffs' Complaint for Damages Against Defendant Capital Contractors, Inc.

HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR, and GALINDO and other JWs, regularly worked more than eight (8) hours in a single day and/or more than forty (40) hours in a single week on behalf of CAPITAL. However, they never received compensation at any overtime rate of pay in connection with work they performed on behalf of CAPITAL, even though CAPITAL had the ability to monitor and did monitor the hours worked by all JWs, and, therefore, knew or should have known that overtime hours were being worked and these hours were going uncompensated.

51. At all times relevant herein, Plaintiffs JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR, and GALINDO and other JWs regularly worked sufficient hours to require that they be provided with rest breaks. However, CAPITAL lacked a policy requiring that JWs be authorized or permitted the amount of rest break time required by law. Rather, CAPITAL's uniformly applied practice impeded the JWs right to take rest breaks. As such, Plaintiffs JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR, and GALINDO and other JWs were not authorized or permitted the amount of rest break time required by law and missed such breaks.

52. At all times relevant herein, Plaintiffs JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR, and GALINDO and other JWs regularly worked sufficient hours to require that they be provided with meal breaks. However, CAPITAL lacked a policy requiring that JWs be relieved of all duty for an uninterrupted 30-minute meal period. Rather, CAPITAL's uniformly applied practice impeded the JWs right to take meal breaks. As such, Plaintiffs JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR, and GALINDO and other JWs regularly were not relieved of duty for an uninterrupted 30-minute period.

53. At all times relevant herein, Plaintiffs JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR, and GALINDO and other JWs did not receive compensation for all hours worked and time spent travelling between job sites on behalf of CAPITAL. Thus, Plaintiffs JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR, and GALINDO and other JWs did not receive minimum wage for all hours

worked, in accordance with the law, when they travelled between job sites or performed other "off-the-clock" work.

54. At all times relevant herein, Plaintiffs JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR, and GALINDO and other JWs, were required to bear the expense of their CAPITAL uniforms (a shirt with CAPITAL logo), which they are required by CAPITAL to don at all times while performing JW labor. The named Plaintiffs and other JWs were also required by CAPITAL to maintain and launder the uniforms. CAPITAL did not indemnify its JWs in connection with these necessary expenditures.

55. At all times relevant herein, Plaintiffs JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR, and GALINDO and other JWs were required to bear the expense of travelling between CAPITAL's clients' locations. This travel is mandated by CAPITAL, which often requires specific JWs to clean specific locations. CAPITAL did not indemnify its JWs in connection with this necessary expenditure.

56. At all times relevant herein, flowing from its failures with respect to the compensation and indemnification of JWs, as alleged above, CAPITAL has regularly failed to timely issue complete and accurate wage statements to the JWs, including without limitation Plaintiffs JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR, and GALINDO. Likewise, CAPITAL has consistently failed to timely remit final payments in full to JWs who no longer work with CAPITAL, including without limitation Plaintiffs RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR, and GALINDO.

57. CAPITAL has consistently failed to fully compensate and indemnify the expenses of the JWs – including without limitation Plaintiffs JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR, and GALINDO – in order to gain an unfair workforce advantage. CAPITAL knew or should have known that such policies and practices clearly violate the Labor Code and IWC Wage Orders and run adverse to public policy. Furthermore, CAPITAL included terms in its agreements with its ICs that had adverse effects on JWs that CAPITAL should have known were prohibited by law.

58. Plaintiffs JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR, and GALINDO (hereinafter collectively refer to as "JW Class Representatives") are members of and seek to be the representatives for the Class of similarly situated JW employees who all have been exposed to, have suffered, and/or were permitted to work under, CAPITAL's unlawful employment practices as alleged herein.

## V. CLASS PERIOD

59. The Class Period in this case covers the time period beginning four (4) years prior to the filing of this Complaint and continuing through to the present, with an ongoing ending, on a date to be determined by the Court.

## VI. CLASS DEFINITION

60. Plaintiffs bring this action, on behalf of themselves and all others similarly situated, as a class action pursuant to Code of Civil Procedure § 382. The classes which Plaintiffs seek to represent are composed and defined as follows:

- **Class I (California-based ICs, represented by SANCHEZ, CAMAY, and RAMIREZ):** All persons who have been (a) employed by CAPITAL in the State of California, and (b) misclassified as an "independent contractor" by CAPITAL to perform cleaning services at CAPITAL's clients' properties, on behalf of CAPITAL.

- **Class II (California-based, hourly-rate JWs, represented by JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, and GALINDO):** All persons who have (a) performed the labor of cleaning CAPITAL's clients' properties, on behalf of CAPITAL, in the State of California (b) received an hourly rate of pay in connection with performing the labor of cleaning CAPITAL's clients' properties, on behalf of CAPITAL.

- **Class III (California-based, flat-rate JWs, represented by AGUILAR):** All persons who have (a) performed the labor of cleaning CAPITAL'S clients' properties, on behalf of CAPITAL, in the State of California (b) received a flat

rate of pay in connection with performing the labor of cleaning CAPITAL's clients' properties, on behalf of CAPITAL.

Plaintiffs may amend the foregoing class definitions as permitted or required by this Court.

## VII. CLASS ALLEGATIONS

61.     Plaintiffs have brought this action – and may properly maintain it – as a class action under Code of Civil Procedure § 382; this matter satisfies all prerequisites for class treatment.

### A.     Numerosity & Ascertainability

62.     While the precise number of members for each class has not yet been determined, Plaintiffs are informed and believe that each of the three proposed classes includes hundreds of individuals and that membership in Classes II and III could number into the thousands.

63.     The members of each of proposed class are so numerous that joinder of all the members for each class would prove impracticable.  Any attempt at joinder would result in great inefficiency, namely hundreds or even thousands of duplicative trials.

64.     Plaintiffs are informed and believe, and thereupon allege, that CAPITAL and the ICs possess, control, and/or have custody of documents and information that will enable Plaintiffs to efficiently ascertain the location, number, and identity of the members of the Class. Among other discoverable items, CAPITAL should possess, control, or have custody of (a) signed agreements, for each of the members of Class I, confirming their respective "independent contractor" misclassifications; (b) documentation and/or data for each of the members of Classes II and III, reflecting the number of hours worked on any given day; and (c) records reflecting payments from CAPITAL to the proposed members of Classes I, II and III for services rendered, including without limitation payment from CAPITAL to the proposed members of Class I for disbursement to the proposed members of Classes II and III.

**B.   Commonality**

65.   For each of the proposed classes, common questions of law and fact predominate over any individualized questions concerning specific class members.

66.   The members of Class I commonly face predominant questions of fact regarding, *inter alia*: CAPITAL's policies and practices concerning the designation of ICs as "independent contractors"; the nature and extent of CAPITAL's supervision and control over ICs; CAPITAL's expectations and responsibilities as placed upon the ICs; CAPITAL's representations to the ICs concerning the ICs legal rights and proper classification; CAPITAL's awareness and intention in classifying ICs as "independent contractors," as opposed to "employees"; CAPITAL's policies and practices regarding indemnifying IC's expenses relating to uniforms, cleaning supplies, and direct deposit fees; and the nature, substance, and/or existence of CAPITAL's wage statements.

67.   The members of Class I commonly face predominant questions of law regarding, *inter alia*: whether CAPITAL properly classified its ICs as independent contractors; and whether CAPITAL's treatment of its ICs violates a Industrial Welfare Commission Wage Orders, the Labor Code, the Civil Code, and/or the Business & Professions Code.

68.   The members of Class I also commonly face predominant questions of law regarding, *inter alia*: CAPITAL's policies and practices regarding overtime compensation to the ICs; CAPITAL's lack of policies and procedures affirmatively authorizing and permitting meal and rest breaks; CAPITAL's policies and practices regarding travel time compensation to the ICs; CAPITAL's policies and practices regarding ICs clocking-in and clocking-out; and CAPITAL's policies and practices regarding charging for uniforms, failing to pay them for mileage between CAPITAL's clients' properties; and the nature, substance, and/or existence of CAPITAL'S wage statements.

69.   The members of Classes II and III commonly face predominant questions of fact regarding, *inter alia*: CAPITAL's policies and practices on providing funds to the ICs for disbursement to the JWs; CAPITAL's policies and practices regarding overtime compensation to the JWs; CAPITAL's lack of policies and procedures affirmatively authorizing and

permitting meal and rest breaks; CAPITAL's policies and practices regarding travel time compensation to the JWs; the nature and extent of CAPITAL's supervision and control over JWs; CAPITAL's expectations and responsibilities as placed upon the JWs; CAPITAL's policies and practices regarding JWs clocking-in and clocking-out; and CAPITAL's policies and practices regarding charging for uniforms, failing to pay them for mileage between CAPITAL's clients' properties; and the nature, substance, and/or existence of CAPITAL'S wage statements.

70.     The members of Classes II and III commonly face predominant questions of law regarding, *inter alia*: whether CAPITAL should have classified its JWs as "employees"; the nature of the relationship between CAPITAL'S ICs and its JWs; and whether CAPITAL's treatment of its JWs violates an Industrial Welfare Commission Wage Order, the Labor Code, the Business & Professions Code and/or common law.

**C.      Typicality**

71.     Each lead plaintiff presents claims that are typical of the proposed class members whom said plaintiff represents.

72.     Plaintiffs SANCHEZ, CAMAY, and RAMIREZ were ICs during the Class Period who oversaw the JWs cleaning CAPITAL's clients' properties – and who sustained injuries and damages arising out of and relating to CAPITAL's common course of conduct, with respect to its ICs, in violation of the California laws, statutes, and regulations herein alleged.

73.     Plaintiffs JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, and GALINDO were JWs during the Class Period who were paid on an hourly basis for performing janitorial services on behalf of CAPITAL, under CAPITAL'S specific supervision and direction – and who sustained injuries and damages arising out of and relating to CAPITAL'S common course of conduct, with respect to its JWs, in violation of the California laws, statutes, and regulations herein alleged.

74.     Plaintiff AGUILAR was a JW during the Class Period who was paid on a salary (i.e. flat-rate) basis for performing janitorial services on behalf of CAPITAL, under

CAPITAL'S specific supervision and direction – and who sustained injuries and damages arising out of and relating to CAPITAL'S common course of conduct, with respect to its JWs, in violation of the California laws, statutes, and regulations herein alleged.

**D.    Adequacy of Representation**

75.    Each lead plaintiff intends to meaningfully participate in this case and zealously represent and protect the interests of a proposed class. No lead plaintiff holds an interest which is antagonistic or otherwise divergent from the interests of his or her proposed class.

76.    Plaintiffs have retained the representation of competent, well-qualified attorneys on behalf of themselves and the members of the proposed classes. Plaintiffs' attorneys have substantial experience with litigating employment actions on a class basis.

**E.    Superiority of Class Action**

77.    A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of proposed class members is not practicable, and questions of law and fact common to each class predominate over any questions affecting only individual members of class. Each proposed class member has been damaged and is entitled to recovery after being subject to unlawful and unfair policies and/or practices which were pervasively perpetrated by CAPITAL against all ICs (Class I) and JWs (Classes II and III).

78.    No other litigation concerning this controversy has been commenced by or against Class Members, or is pending.

79.    Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. It is unlikely that any individual proposed class member wishes to individually control a separate action in connection with this matter.

80.    As individuals who work in janitorial services, the proposed class members generally lack knowledge of the legal system, intellectual sophistication, and substantial economic resources. As a result, most class members would be deprived of the practical

opportunity to pursue their respective individual claims if this matter is not certified as a class action.

81. Plaintiffs are unaware of any difficulties likely to be encountered in the management of this case that would preclude its maintenance as a class action. The benefits of maintaining this action on a class basis far outweigh any administrative burden in managing the class action. Conducting this case as a class action would prove far less burdensome than prosecuting individual actions – especially given the strong core of common factual and legal questions.

## VIII. EXHAUSTION OF NOTICE REQUIREMENT AND DESIGNATION UNDER LABOR CODE § 2698, ET SEQ., PRIVATE ATTORNEY GENERAL ACT ("PAGA")

82. The Causes of Actions alleged here in are appropriately suited for a Labor Code Private Attorneys General Act of 2004 (hereinafter referred to as "PAGA") representative action on behalf of other ICs (Class I) and JWs (Classes II and III) during the statutory PAGA period.

83. This action involves allegations of violations of provisions of the Labor Code that either do not provide for a civil penalty or provide for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency (hereinafter referred to as "LWDA") or any departments, divisions, commissions, boards, agencies or employees.

84. Plaintiffs IC Class Representatives SANCHEZ, CAMEY, RAMIREZ and JW Class Representatives JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO are "aggrieved employees" because they were employed by the alleged violator and had one or more of the alleged violations committed against them, and therefore are properly suited to represent the interests of the IC and JW class members.

85. Plaintiffs IC Class Representatives SANCHEZ, CAMEY, RAMIREZ and JW Class Representatives JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR, and GALINDO seek to recover all applicable penalties under PAGA on behalf of themselves and all other aggrieved ICs and JWs employees.

86.     Plaintiffs IC Class Representatives SANCHEZ, CAMEY, RAMIREZ and JW Class Representatives JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR, and GALINDO have exhausted the notice requirement and complied with Labor Code § 2699.3(c) by providing notice to CAPITAL and the LWDA of their claims by registered U.S. Mail on January 21, 2014. A true and correct copy is attached hereto as Exhibit 1.

87.     CAPITAL has not cured the alleged violations within thirty-three (33) days of the postmark date of Plaintiffs' letter and has not provided any written notice to Plaintiffs stating that the alleged violations were cured and a description of the actions taken. Further, the LWDA did not notify Plaintiffs and CAPITAL of its intention to investigate within thirty-three (33) days of Plaintiffs' letter. Accordingly, Plaintiffs have exhausted the procedural requirements under the PAGA to pursue the penalty claims pursuant to Section 2699.

88.     Pursuant to Labor Code § 2699(i), Plaintiffs SANCHEZ, CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR, and GALINDO and other California–based ICs and JWs putative Class I, II, III members, as aggrieved employees, are entitled to keep 25% of the civil penalties recovered in the PAGA action and the remaining 75% goes to the Labor and Workforce Development Agency.

### FIRST CAUSE OF ACTION
Misclassification as Independent Contractors and Private Attorney Gen. Act (PAGA)
(Violation of Labor Code §§ 226.8 and 2698, et seq.)
(Alleged by Class I: California-based ICs represented by Plaintiffs SANCHEZ, CAMEY, RAMIREZ against Defendant CAPITAL, and all applicable DOES 1-30)

89.     Plaintiffs SANCHEZ, CAMEY, RAMIREZ on behalf of themselves and the IC putative class, re-allege and incorporate herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

90.     It is unlawful for any person or employer to willfully misclassify an individual as an independent contractor. Labor Code § 226.8(a)(1). "'Willful misclassification' means avoiding employee status for an individual by voluntarily and knowingly misclassifying that individual as an independent contractor." Labor Code § 226.8(i)(4).

91.     Labor Code § 226.8(b) provides if a person or employer has willfully misclassified an individual as an independent contractor, the person or employer shall be

21

subject to a civil penalty of not less than five thousand dollars ($5,000) and not more than fifteen thousand dollars ($15,000) for each violation, in addition to any other penalties or fines permitted by law.

92. Pursuant to Labor Code §226.8 (c), if the person or employer has engaged in or is engaging in a pattern or practice of willfully misclassifying individuals as independent contractors, the person or employer shall be subject to a civil penalty of not less than ten thousand dollars ($10,000) and not more than twenty-five thousand dollars ($25,000) for each violation, in addition to any other penalties or fines permitted by law.

93. Defendant CAPITAL violated Labor Code § 226.8 by willfully misclassifying its ICs, past and present, including Plaintiffs SANCHEZ, CAMEY and RAMIREZ, as independent contractors, rather than employees.

94. Defendant CAPITAL has engaged in a pattern and practice, as alleged herein, of wilfully misclassifying its IC employees as independent contractors to avoid payment of overtime, establishment of a meal/rest break policy, taxes, insurance and other costs that accompany employees.

95. Plaintiffs are entitled to recover the civil penalties assessed against Defendant CAPITAL for its violations of Labor Code § 226.8 as it relates to Plaintiffs SANCHEZ, CAMEY and RAMIREZ and all other current or former ICs. Plaintiffs are also entitled to recover an award of reasonable attorney's fees and costs. Labor Code § 2699(g)(1).

96. Plaintiffs are informed and believe there are other current and former aggrieved employees who suffered similar violations. Plaintiffs bring this action on behalf of other current and former aggrieved employees.

WHEREFORE, Plaintiffs and the Class Members pray for judgment as hereinafter set forth.

**SECOND CAUSE OF ACTION**
Unlawful Terms and Conditions and Private Attorney Gen. Act (PAGA)
(Violation of Labor Code §§ 432.5 and 2698, et seq.)
(Alleged by Class I: California- based ICs represented by Plaintiffs SANCHEZ, CAMEY, RAMIREZ against Defendant CAPITAL, and all applicable DOES 1-30)

97.    Plaintiffs SANCHEZ, CAMEY, RAMIREZ on behalf of themselves and the IC putative class, re-allege and incorporate herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

98.    Plaintiffs SANCHEZ, CAMEY, RAMIREZ and other California-based IC putative Class I members are/were employees of Defendant CAPITAL under the laws of the State of California within the meaning of the Labor Code and Wage Order.

99.    Labor Code § 432.5 provides that "[n]o employer, or agent, manager, superintendent, or officer thereof, shall require any employee or applicant for employment to agree, in writing, to any term or condition which is known by such employer, or agent, manager, superintendent, or officer thereof to be prohibited by law."

100.    Pursuant to Labor Code § 2699(f), for all provisions of the Labor Code that do not have a civil penalty specifically specified, there is an established civil penalty for a violation of the provisions as follows: one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation in which CAPITAL violated the Labor Code including Section 432.5.

101.    Through Defendant CAPITAL's conduct during the applicable statutory period including, but not limited to, the conduct set forth herein, including that alleged on information and belief, Defendant CAPITAL, its agents, managers, superintendents, or officers, required many of its employees, including Plaintiffs SANCHEZ, CAMEY, and RAMIREZ to agree, in writing, to any term or condition which is known by Defendant CAPITAL, its agents, managers, superintendents, or officers, to be prohibited by law

102.    As a direct result of Defendant CAPITAL's violations alleged herein, Plaintiffs SANCHEZ, CAMEY, RAMIREZ and other California-based IC putative Class I members have suffered, and continue to suffer, substantial losses as a result of the terms or conditions

prohibited by law that they were required to agree to, including the use and enjoyment of monies lost as a result of the unlawful terms and conditions, lost interest, expenses and attorney's fees and costs in seeking to compel Defendant CAPITAL to fully perform its obligation under state law, all to their respective damage in amounts according to proof at trial and within the jurisdictional limitations of this Court.

103. Plaintiffs SANCHEZ, CAMEY, RAMIREZ on behalf of themselves and other IC Class I members seek to recover in a civil action to the fullest extent permissible all available remedies including, but not limited to, unpaid wages to the extent permissible, the monies owed from Defendants' violations, interest thereon, recovery of civil penalties, reasonable attorney's fees and costs of suit, injunctive relief, and any other permitted remedies including those permitted pursuant to the Labor Code § 2698 et seq., and Code of Civil Procedure § 1021.5. The exact amount of the applicable penalties is an amount to be shown according to proof at trial and within the jurisdictional limits of the Court.

WHEREFORE, Plaintiffs and the Class Members pray for judgment as hereinafter set forth.

### THIRD CAUSE OF ACTION
Failure to Indemnify for Expenses and Losses in Discharging Duties and Private Attorney Gen. Act (PAGA)
(Violation of Labor Code §§ 2802 and 2698, et seq.)
(Alleged by Class I, II and III: California- based ICs and JWs represented by Plaintiffs SANCHEZ, CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO against Defendant CAPITAL, and all applicable DOES 1-30)

104. Plaintiffs IC Class Representatives SANCHEZ, CAMEY, RAMIREZ and JW Class Representatives JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO, on behalf of themselves and the ICs and JWs putative Class I, II, III members, re-allege and incorporate herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

105. Plaintiffs SANCHEZ, CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO and other California-based ICs and JWs putative Class I, II, III members are/were employees of Defendant CAPITAL under the laws of the State of California within the meaning of the Labor Code and Wage Order.

24

106. Labor Code § 2802(a) provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

107. Pursuant to Labor Code § 2804 any contract or agreement, express or implied, made by any employee to waive the benefits of Section 2802 or any part thereof, is null and void.

108. Through Defendant CAPITAL's conduct during the applicable statutory period including, but not limited to, the conduct set forth herein, including that alleged on information and belief, Defendant CAPITAL failed to indemnify Plaintiffs SANCHEZ, CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO and other members of California-based ICs and JWs putative Class I, II, III as required by Labor Code § 2802.

109. Any agreement or contract made by California-based ICs including Plaintiffs SANCHEZ, CAMEY and RAMIREZ to waive the benefits of Labor Code § 2802 is null and void.

110. Labor Code § 2802(c) states that "[f]or purpose of [2802], the term 'necessary expenditures or losses' shall include all reasonable costs, including, but not limited to attorney's fees incurred by the employee enforcing the rights granted by [2802]."

111. Pursuant to Labor Code § 2699(f), for all provisions of the Labor Code that do not have a civil penalty specifically specified, there is an established civil penalty for a violation of the provisions as follows: one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation in which CAPITAL violated the Labor Code including Section 2802.

112. As a direct result of Defendant CAPITAL's violations alleged herein, Plaintiffs SANCHEZ, CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO,

AGUILAR and GALINDO and other members of California-based ICs and JWs putative Class I, II, III, have suffered and continue to suffer, substantial losses related to failure to be indemnified for the expenses and losses, including the use and enjoyment of such monies, lost interest on such monies and expenses and attorney's fees and costs in seeking to compel Defendant CAPITAL to fully perform its obligation under state law, all to their respective damage in amounts according to proof at trial and within the jurisdictional limitations of this Court.

113. Plaintiffs IC Class Representatives SANCHEZ, CAMEY, RAMIREZ and JW Class Representatives JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO, on behalf of themselves and the ICs and JWs putative Class I, II, III members seek to recover in a civil action to the fullest extent permissible all available remedies including but not limited to unpaid balance of the indemnification from Defendants' violations, interest thereon permitted by Labor Code § 2802(b), recovery of civil penalties, reasonable attorney's fees and costs of suit, injunctive relief, and any other permitted remedies including those permitted pursuant to the Labor Code §§ 2698 et seq., 2802, 2804 and Code of Civil Procedure § 1021.5. The exact amount of the applicable penalties is an amount to be shown according to proof at trial and within the jurisdictional limits of the Court.

WHEREFORE, Plaintiffs and the Class Members pray for judgment as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
Unlawful Deductions, Repayment of Wages and Secret Underpayment of Wages and Private Attorney Gen. Act (PAGA)
(Violation of Labor Code §§221, 223, 224, 1198, 2698, et seq. IWC Wage Order "Hours and Days of Work" and "Minimum Wage" Sections)
(Alleged by Class I, II and III: California- based ICs and JWs represented by Plaintiffs SANCHEZ, CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO against Defendant CAPITAL, and all applicable DOES 1-30)

114. Plaintiffs IC Class Representatives: SANCHEZ, CAMEY, RAMIREZ and JW Class Representatives: JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO, on behalf of themselves and the ICs and JWs putative Class I, II, III members,

re-allege and incorporate herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

115.    Plaintiffs SANCHEZ, CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO and other California-based ICs and JWs putative Class I, II, III members are/were non-exempt employees of Defendant CAPITAL under the laws of the State of California and within the meaning of the Labor Code and Wage Order.

116.    Pursuant to Labor Code § 221, it shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee.

117.    Labor Code § 223 provides that where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract.

118.    Labor Code § 224 provides that an employer may lawfully withhold or divert portions of an employee's wages only when the employer is required or empowered to do so.

119.    Labor Code § 1198 states: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees.  The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

120.    The "Minimum Wages" section and the "Hours and Days of Work" section of the applicable Wage Order provide as a standard of conditions of labor that employees be paid at least the applicable minimum wage and overtime wages for regular time and overtime time suffered or permitted to work respectively.

121.    Pursuant to Labor Code § 2699(f), for all provisions of the Labor Code that do not have a civil penalty specifically specified, there is an established civil penalty for a violation of the provisions as follows: one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved

1  employee per pay period for each subsequent violation in which CAPITAL violated the Labor
2  Code including Sections 224 and 1198.

3      122.    At all relevant times hereto, Defendant CAPITAL was/is Plaintiffs SANCHEZ,
4  CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR
5  and GALINDO and other California-based ICs and JWs putative Class I, II, III members'
6  employer within the meaning of Labor Code section 558, who violated or caused to be
7  violated, a section of Part 2, Chapter 1, of the Labor Code or any provision regulating hours
8  and days of work in any Order of the Industrial Welfare Commission and, as such, are subject
9  to penalties for each underpaid employee as set forth in Labor Code § 558 including the
10  payment of the underpaid wages to affected employees.

11      123.    Labor Code § 558 provides a penalty for a violation of Labor Code § 1198
12  which is collectable through the PAGA statute.

13      124.    Labor Code § 210 provides a penalty for a violation of Labor Code § 204 which
14  is collectable through the PAGA statute.

15      125.    Labor Code § 225.5 states that every person who unlawfully withholds wages
16  due any employee in violation of Labor Code §§ 221 and 223 shall be subject to a civil penalty
17  of one hundred dollars ($100) for each initial violation of failing to pay each employee and, for
18  each subsequent violation, or any willful or intentional violation, two hundred dollars ($200)
19  for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

20      126.    Through Defendant CAPITAL's conduct during the applicable statutory period
21  including, but not limited to, the conduct set forth herein, including that alleged on information
22  and belief, Defendants made directly and/or indirectly unlawful deductions, secretly underpaid
23  wages, and required unlawful repayment of wages, including but not limited to requiring
24  Plaintiffs SANCHEZ, CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ,
25  ALFARO, AGUILAR and GALINDO and other California-based ICs and JWs putative Class
26  I, II, III members to pay for certain expenses and employment-related costs that are the
27  responsibility of Defendants to pay. Defendant CAPITAL also failed to pay all wages due for
28  "all hours worked" in performing tasks incidental to cleaning services (e.g. attending meetings,

scheduling employees, commuting in between job sites, etc.) and consequently underpaid its ICs and JWs for the actual hours each worked, in violation of Labor Code §§ 221, 223, 224 and in violation of Labor Code § 1198 and the Wage Order.

127.   As a direct result of Defendant CAPITAL's violations alleged herein, Plaintiffs SANCHEZ, CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO and other members of California-based ICs and JWs putative Class I, II, III have suffered and continue to suffer, substantial losses including but not limited to the use and enjoyment of such monies, lost interest on such monies and expenses and attorney's fees and costs in seeking to compel Defendant CAPITAL to fully perform its obligation under state law, all to their respective damage in amounts according to proof at trial and within the jurisdictional limitations of this Court.

128.   Plaintiffs IC Class Representatives SANCHEZ, CAMEY, RAMIREZ and JW Class Representatives JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO, on behalf of themselves and the ICs and JWs putative Class I, II, III members seek to recover in a civil action to the fullest extent permissible all available remedies including but not limited to all monies that Defendant CAPITAL should have lawfully paid, penalties including civil penalties, interest, reasonable attorney's fees and costs of suit, and any other permitted remedies including those permitted pursuant to the Labor Code §§ 2698 et seq., 221, 223, 224, 225.5, 210, 558, 1198 and Code of Civil Procedure §1021.5. The exact amount of the applicable penalties is an amount to be shown according to proof at trial and within the jurisdictional limits of the Court.

WHEREFORE, Plaintiffs and the Class Members pray for judgment as hereinafter set forth.

**FIFTH CAUSE OF ACTION**
Failure to Pay Overtime Wages and Private Attorney Gen. Act (PAGA)
(Violation of Labor Code §§ 510, 1198, 2698, et seq. and
IWC Wage Order "Hours and Days of Work" Section)
(Alleged by Class I, II and III: California- based ICs and JWs represented by Plaintiffs
SANCHEZ, CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO,
AGUILAR and GALINDO against Defendant CAPITAL, and all applicable DOES 1-30)

129.    Plaintiffs IC Class Representatives SANCHEZ, CAMEY, RAMIREZ and JW Class Representatives JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO, on behalf of themselves and the ICs and JWs putative Class I, II, III members, re-allege and incorporate herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

130.    Plaintiffs SANCHEZ, CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO and other California-based ICs and JWs putative Class I, II, III members are/were non-exempt employees of Defendant CAPITAL under the laws of the State of California within the meaning of the Labor Code and Wage Order.

131.    Labor Code § 510 provides in pertinent part: "Eight hours of labor constitutes a day's work. Any work in excess of 8 hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

132.    Labor Code § 1198 states: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

Plaintiffs' Complaint for Damages Against Defendant Capital Contractors, Inc.

133. The "Hours and Days of Work" section of the applicable Wage Order provides as a standard of conditions of labor that employees be paid at least the applicable overtime wage overtime hours suffered or permitted to work respectively.

134. Pursuant to Labor Code § 2699(f), for all provisions of the Labor Code that do not have a civil penalty specifically specified, there is an established civil penalty for a violation of the provisions as follows: one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation in which CAPITAL violated the Labor Code including Section 1198.

135. At all relevant times herein, Defendant CAPITAL was/is Plaintiffs SANCHEZ, CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO and other California-based ICs and JWs putative Class I, II, III members' employer within the meaning of Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1, of the Labor Code or any provision regulating hours and days of work in any Order of the Industrial Welfare Commission and, as such, are subject to penalties for each underpaid employee as set forth in Labor Code § 558 including the payment of the underpaid wages to affected employees.

136. Labor Code § 1194 states "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of his minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit."

137. Labor Code § 558 establishes a civil penalty as follows: Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission (including the "Hours and Days of Work" section of the Wage Order) shall be subject to a civil penalty of (I) for any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to

an amount sufficient to recover underpaid wages; (2) for each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages; and (3) wages recovered pursuant to this section shall be paid to the affected employee.

138.    Through Defendant CAPITAL's conduct during the applicable statutory period including, but not limited to, the conduct set forth herein, including that alleged on information and belief, Defendants failed to pay Plaintiffs SANCHEZ, CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO and other California–based ICs and JWs putative Class I, II, III members all overtime wages for all overtime worked, all in violation of Labor Code §§ 510 and 1198.

139.    As a direct result of Defendant CAPITAL's violations alleged herein, Plaintiffs SANCHEZ, CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO and other members of California-based ICs and JWs putative Class I, II, III have suffered and continue to suffer substantial losses including, but not limited, to the use and enjoyment of such wages, lost interest on such monies and expenses and attorney's fees and costs in seeking to compel Defendant CAPITAL to fully perform its obligation under state law, all to their respective damage in amounts according to proof at trial and within the jurisdictional limitations of this Court.

140.    Plaintiffs IC Class Representatives SANCHEZ, CAMEY, RAMIREZ and JW Class Representatives JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO, on behalf of themselves and the ICs and JWs putative Class I, II, III members seek to recover in a civil action to the fullest extent permissible all available remedies including but not limited to all monies that Defendant CAPITAL should have lawfully paid, penalties including civil penalties, interest, reasonable attorney's fees and costs of suit, and any other permitted remedies including those permitted pursuant to the Labor Code §§ 2698 et seq., 510, 558, 1194, 1198 and Code of Civil Procedure §§ 1021.5. The exact amount of the applicable penalties is an amount to be shown according to proof at trial and within the jurisdictional limits of the Court.

WHEREFORE, Plaintiffs and the Class Members pray for judgment as hereinafter set forth.

### SIXTH CAUSE OF ACTION
Failure to Provide Meal Periods and Private Attorney Gen. Act (PAGA)
(Violation of Labor Code §§ 226.7, 512, and IWC Wage Order "Meal Periods" Section)
(Alleged by Class I, II and III: California-based ICs and JWs represented by Plaintiffs
SANCHEZ, CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO,
AGUILAR and GALINDO against Defendant CAPITAL, and all applicable DOES 1-30)

141.    Plaintiffs IC Class Representatives SANCHEZ, CAMEY, RAMIREZ and JW Class Representatives JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO, on behalf of themselves and the ICs and JWs putative Class I, II, III members, re-allege and incorporate herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

142.    Plaintiffs SANCHEZ, CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO and other California-based ICs and JWs putative Class I, II, III members are/were non-exempt employees of Defendant CAPITAL under the laws of the State of California within the meaning of the Labor Code and Wage Order.

143.    Labor Code § 512 provides "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee.  An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

144.    The "Meal Period" section of the applicable Wage Order provides as a standard of condition of labor that an employee working more than five hours be provided a meal period of not less than 30 minutes, except when a work period of not more than six hours will

complete the day's work and the meal period is waived by mutual consent of the employee and employer.

145.   Labor Code § 226.7 provides "[a]n employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health."

146.   Through Defendant CAPITAL's conduct during the applicable statutory period including, but not limited to, the conduct set forth herein, including that alleged on information and belief, Defendant CAPITAL lacked a policy which directly and/or indirectly relieved Plaintiffs SANCHEZ, CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO and other California-based ICs and JWs putative Class I, II, III members of all duty for uninterrupted 30-minute periods at all times suffered or permitted to work for Defendant CAPITAL, and, in fact, had practices and procedures that impeded the members of Class I, II, and III, from taking such meal breaks.

147.   Pursuant to Labor Code § 226.7(c) and "Meal Period" section of the applicable Wage Order, if an employer fails to provide an employee a meal period in accordance with a state law, the employer shall pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

148.   Labor Code § 558 establishes a civil penalty as follows: Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission (including the "Hours and Days of Work" section of the Wage Order) shall be subject to a civil penalty of (1) for any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages; (2) for each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the

1  employee was underpaid in addition to an amount sufficient to recover underpaid wages; and

2  (3) wages recovered pursuant to this section shall be paid to the affected employee.

3      149.   Pursuant to Labor Code § 2699(f), for all provisions of the Labor Code that do

4  not have a civil penalty specifically specified, there is an established civil penalty for a

5  violation of the provisions as follows: one hundred dollars ($100) for each aggrieved employee

6  per pay period for the initial violation and two hundred dollars ($200) for each aggrieved

7  employee per pay period for each subsequent violation in which CAPITAL violated the Labor

8  Code including Sections 226.7 and 512.

9      150.   As a direct result of Defendant CAPITAL's violations alleged herein, Plaintiffs

10  SANCHEZ, CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO,

11  AGUILAR and GALINDO and other members of California-based ICs and JWs putative Class

12  I, II, III have suffered and continue to suffer substantial losses including but not limited to the

13  use and enjoyment of such wages, lost interest on such monies and expenses and attorney's

14  fees and costs in seeking to compel Defendant CAPITAL to fully perform its obligation under

15  state law, all to their respective damage in amounts according to proof at trial and within the

16  jurisdictional limitations of this Court.

17      151.   Plaintiffs IC Class Representatives SANCHEZ, CAMEY, RAMIREZ and JW

18  Class Representatives JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and

19  GALINDO, on behalf of themselves and the ICs and JWs putative Class I, II, III members seek

20  to recover in a civil action to the fullest extent permissible all available remedies including but

21  not limited to all monies that Defendant CAPITAL should have lawfully paid, penalties

22  including civil penalties, interest, reasonable attorney's fees and costs of suit, and any other

23  permitted remedies including those permitted pursuant to the Labor Code §§ 2698 et seq., 558,

24  and Code of Civil Procedure § 1021.5. The exact amount of the applicable penalties is an

25  amount to be shown according to proof at trial and within the jurisdictional limits of the Court.

26      WHEREFORE, Plaintiffs and the Class Members pray for judgment as hereinafter set

27  forth.

28  
### SEVENTH CAUSE OF ACTION
Failure to Provide Rest Periods and Private Attorney Gen. Act (PAGA)

(Violation of Labor Code § 226.7 and IWC Wage Order "Rest Periods" Section)
(Alleged by Class I, II and III: California- based ICs and JWs represented by Plaintiffs
SANCHEZ, CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO,
AGUILAR and GALINDO against Defendant CAPITAL, and all applicable DOES 1-30)

152.    Plaintiffs IC Class Representatives SANCHEZ, CAMEY, RAMIREZ and JW Class Representatives JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO, on behalf of themselves and the ICs and JWs putative Class I, II, III members, re-allege and incorporate herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

153.    Plaintiffs SANCHEZ, CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO and other California–based ICs and JWs putative Class I, II, III members are/were non-exempt employees of Defendant CAPITAL under the laws of the State of California within the meaning of the Labor Code and Wage Order.

154.    The "Rest Period" section of the applicable Wage Order provides as a standard of condition of labor employers must authorize and permit nonexempt employees to take a rest period at the minimum rate of a net ten (10) consecutive minutes for each four (4) hour work period, or major fraction thereof.

155.    Labor Code § 226.7 provides "[a]n employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health."

156.    Through Defendant CAPITAL's conduct during the applicable statutory period including, but not limited to, the conduct set forth herein, including that alleged on information and belief, Defendant CAPITAL lacked a policy which directly and/or indirectly authorized and permitted Plaintiffs SANCHEZ, CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO and other California-based ICs and JWs putative Class I, II, III members to take rest periods at all times suffered or permitted to

work for Defendant CAPITAL, and, in fact, had practices and procedures that impeded the members of Class I, II, and III, from taking such rest breaks.

157. Pursuant to Labor Code § 226.7(c) and "Rest Period" section of the applicable Wage Order, if an employer fails to provide an employee a rest period in accordance with a state law, the employer shall pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the rest period that the employer failed to authorize or permit.

158. Labor Code § 558 establishes a civil penalty as follows: Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission (including the "Hours and Days of Work" section of the Wage Order) shall be subject to a civil penalty of (1) for any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages; (2) for each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages; and (3) wages recovered pursuant to this section shall be paid to the affected employee.

159. Pursuant to Labor Code § 2699(f), for all provisions of the Labor Code that do not have a civil penalty specifically specified, there is an established civil penalty for a violation of the provisions as follows: one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation in which CAPITAL violated the Labor Code including Section 226.7(c).

160. As a direct result of Defendant CAPITAL's violations alleged herein, Plaintiffs SANCHEZ, CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO and other members of California-based ICs and JWs putative Class I, II, III have suffered and continue to suffer substantial losses including but not limited to the use and enjoyment of such wages, lost interest on such monies and expenses and attorney's

fees and costs in seeking to compel Defendant CAPITAL to fully perform its obligation under state law, all to their respective damage in amounts according to proof at trial and within the jurisdictional limitations of this Court.

161. Plaintiffs IC Class Representatives SANCHEZ, CAMEY, RAMIREZ and JW Class Representatives JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO, on behalf of themselves and the ICs and JWs putative Class I, II, III members seek to recover in a civil action to the fullest extent permissible all available remedies including but not limited to all monies that Defendant CAPITAL should have lawfully paid, penalties including civil penalties, interest, reasonable attorney's fees and costs of suit, and any other permitted remedies including those permitted pursuant Labor Code §§ 2698 et seq., 558, and Code of Civil Procedure § 1021.5. The exact amount of the applicable penalties is an amount to be shown according to proof at trial and within the jurisdictional limits of the Court.

WHEREFORE, Plaintiffs and the Class Members pray for judgment as hereinafter set forth.

**EIGHTH CAUSE OF ACTION**
Failure to Pay Minimum Wages and Private Attorney Gen. Act (PAGA)
(Violation of Labor Code §§1197, 1198, 2698, et seq. and
IWC Wage Order "Minimum Wage" Section)
(Alleged by Class I, II and III: California- based ICs and JWs represented by Plaintiffs
SANCHEZ, CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO,
AGUILAR and GALINDO against Defendant CAPITAL, and all applicable DOES 1-30)

162. Plaintiffs IC Class Representatives SANCHEZ, CAMEY, RAMIREZ and JW Class Representatives JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO, on behalf of themselves and the ICs and JWs putative Class I, II, III members, re-allege and incorporate herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

163. Plaintiffs SANCHEZ, CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO and other California-based ICs and JWs putative Class I, II, III members are/were non-exempt employees of Defendant CAPITAL under the laws of the State of California within the meaning of the Labor Code and Wage Order.

164. Labor Code § 1197 states "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than minimum wage so fixed is unlawful."

165. Labor Code § 1198 states: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

166. The "Minimum Wages" section and the "Hours and Days of Work" section of the applicable Wage Order provides as a standard of conditions of labor that employees be paid at least the applicable minimum wage and overtime wages for regular time and overtime time suffered or permitted to work respectively.

167. Through Defendant CAPITAL's conduct during the applicable statutory period including, but not limited to, the conduct set forth herein, including that alleged on information and belief, Defendant CAPITAL directly and/or indirectly paid Plaintiffs SANCHEZ, CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO and other California-based ICs and JWs putative Class I, II, III members less than minimum wage for all times suffered or permitted to work for Defendant CAPITAL. Defendant CAPITAL further failed to satisfy minimum wage requirements and secretly paid a lower wage while purporting to pay the wage designated by statute or by contract to when it failed to pay the named Plaintiffs and Class members for "all hours worked" in performing work which was incidental to cleaning services (e.g. attending meetings, scheduling employees, commuting in between job sites, etc.) and consequently underpaid its ICs and JWs for the actual hours each worked in violation of Labor Code §§ 1197, 1198 and the applicable Wage Orders.

168. Labor Code § 558 establishes a civil penalty as follows: Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial

Welfare Commission (including the "Hours and Days of Work" section of the Wage Order) shall be subject to a civil penalty of (1) for any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages; (2) for each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages; and (3) wages recovered pursuant to this section shall be paid to the affected employee.

169.  Pursuant to Labor Code § 2699(f), for all provisions of the Labor Code that do not have a civil penalty specifically specified, there is an established civil penalty for a violation of the provisions as follows: one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation in which CAPITAL violated the Labor Code including Sections 1197 and 1198.

170.  Labor Code § 1194 states "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of his minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit."

171.  At all relevant times hereto, Defendant CAPITAL was/is Plaintiffs SANCHEZ, CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO and other California-based ICs and JWs putative Class I, II, III members' employer and/or person acting on behalf of Defendants within the meaning of Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1, of the Labor Code or any provision regulating hours and days of work in any Order of the Industrial Welfare Commission and, as such, are subject to penalties for each underpaid employee as set forth in Labor Code § 558 including the payment of the underpaid wages to affected employees.

172.  As a direct result of Defendant CAPITAL's violations alleged herein, Plaintiffs SANCHEZ, CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO,

AGUILAR and GALINDO and other members of California-based ICs and JWs putative Class I, II, III have suffered and continue to suffer, substantial losses including but not limited to the use and enjoyment of such monies, lost interest on such monies and expenses and attorney's fees and costs in seeking to compel Defendant CAPITAL to fully perform its obligation under state law, all to their respective damage in amounts according to proof at trial and within the jurisdictional limitations of this Court.

173. Plaintiffs IC Class Representatives SANCHEZ, CAMEY, RAMIREZ and JW Class Representatives JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO, on behalf of themselves and the ICs and JWs putative Class I, II, III members seek to recover in a civil action to the fullest extent permissible all available remedies including but not limited to all monies that CAPITAL should have lawfully paid, penalties including civil penalties, interest, reasonable attorney's fees and costs of suit, and any other permitted remedies including those permitted pursuant to the Labor Code §§ 2698 et seq., 558, 1194, 1194.2, 1197, 1198 and Code of Civil Procedure § 1021.5. The exact amount of the applicable penalties is an amount to be shown according to proof at trial and within the jurisdictional limits of the Court.

WHEREFORE, Plaintiffs and the Class Members pray for judgment as hereinafter set forth.

**NINTH CAUSE OF ACTION**
Failure to Provide and Maintain Accurate Itemized Wage Statements and
Private Attorney Gen. Act (PAGA)
(Violation of Labor Code §§ 226, 1174, 1198, 2698, et seq. and
IWC Wage Order "Records" Section)
(Alleged by Class I, II and III: California- based ICs and JWs represented by
Plaintiffs SANCHEZ, CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ,
ALFARO, AGUILAR and GALINDO against
Defendant CAPITAL, and all applicable DOES 1-30)

174. Plaintiffs IC Class Representatives SANCHEZ, CAMEY, RAMIREZ and JW Class Representatives JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO, on behalf of themselves and the ICs and JWs putative Class I, II, III members, re-

allege and incorporate herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

175. Plaintiffs SANCHEZ, CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO and other California-based ICs and JWs putative Class I, II, III members are/were non-exempt employees of CAPITAL under the laws of the State of California within the meaning of the Labor Code and Wage Order. Labor Code § 226(a) states in pertinent part "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing":

    i.    Gross wages earned;

    ii.    Total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission;

    iii.    the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis;

    iv.    All deductions;

    v.    Net wages earned;

    vi.    The inclusive dates of the period for which the employee is paid;

    vii.    The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number;

    viii.    The name and address of the legal entity that is the employer;

    ix.    All applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

176. Labor Code § 1174 requires employers to maintain records containing the information specified in § 1174 including but not limited to employees' total hours worked, an accurate hourly rate, accurate computation of net wages and when employees begin and end each work period.

177. Labor Code § 1198 states: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

178. The "Records" section of the applicable Wage Order provides as a standard of condition of labor that accurate records be maintained by the employer including but not limited to the total hours worked in the payroll period and applicable rates of pay.

179. Through Defendant CAPITAL's conduct during the applicable statutory period including, but not limited to, the conduct set forth herein, including that alleged on information and belief, Defendant CAPITAL knowingly and intentionally failed to provide accurate itemized wage statements reflecting, among other things, accurate number for "all hours worked", accurate gross wages earned, accurate hourly rate, accurate method of computation for net wages paid to Plaintiffs SANCHEZ, CAMEY, RAMIREZ and other California-based IC putative Class I members, including but not limited to as a result of its knowing and intentional misclassification of the above name Plaintiffs as independent contractors, and failed to maintain the records required by Labor Code §§ 226(a), 1174 and 1198.

180. Through Defendant CAPITAL's conduct during the applicable statutory period including, but not limited to, the conduct set forth herein, including that alleged on information and belief, Defendant CAPITAL knowingly and intentionally failed to provide accurate itemized wage statements reflecting, among other things, accurate number for "all hours worked", accurate gross wages earned, accurate hourly rate, accurate method of computation for net wages paid to Plaintiffs JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO and other California-based JW putative Class II and III members, and failed to maintain the records required by Labor Code §§ 226(a), 1174 and 1198.

181.    Labor Code § 226(e)(1) states "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees."

182.    Labor Code § 226(e)(2)(A) provides that an employee is deemed to suffer injury for purposes of Section 226(e) of the Labor Code if the employer fails to provide a wage statement. Furthermore, pursuant to Labor Code § 226(e)(2)(B), an employee is deemed to suffer injury for purposes of Section 226(e) of the Labor Code if the employer fails to provide accurate and complete information as required by any one or more items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the items specified in Labor Code § 226(e)(2)(B)(i)-(iv).

183.    Labor Code § 226(h) states "An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees."

184.    Plaintiffs SANCHEZ, CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO and other California-based ICs and JWs putative Class I, II, III members suffered injuries as a result of Defendant CAPITAL's intentional and knowing failure to provide to them and maintain the writings required by Labor Code § 226(a), as set forth herein.  Defendant CAPITAL's failure to provide and maintain accurate statements, as alleged herein, left Plaintiffs SANCHEZ, CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO and other California–based ICs and JWs putative Class I, II, III, on information an belief, without the ability to know, understand and question the hours worked and wage earned and due.  As a direct result, Plaintiffs and members ICs and JWs have suffered and continue to suffer substantial injuries, losses and actual damages related to Defendant's violations, including lost

wages, lost interest on such wages, and expense and attorney's fees in seeking to compel Defendant to fully perform its obligations.

185. At all relevant times hereto, Defendant CAPITAL was/is Plaintiffs SANCHEZ, CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO and other California-based ICs and JWs putative Class I, II, III members' employer and/or person acting on behalf of Defendants within the meaning of Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1, of the Labor Code or any provision regulating hours and days of work in any Order of the Industrial Welfare Commission and, as such, are subject to penalties for each underpaid employee as set forth in Labor Code § 558 including the payment of the underpaid wages to affected employees.

186. Labor Code § 558 establishes a civil penalty as follows: Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission (including the "Hours and Days of Work" section of the Wage Order) shall be subject to a civil penalty of (1) for any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages; (2) for each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages; and (3) wages recovered pursuant to this section shall be paid to the affected employee.

187. Pursuant to Labor Code § 2699(f), for all provisions of the Labor Code that do not have a civil penalty specifically specified, there is an established civil penalty for a violation of the provisions as follows: one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation in which CAPITAL violated Labor Code §§ 226, 1174 and 1198.

188. As a direct result of Defendant CAPITAL's violations as set forth hereinabove, Plaintiffs SANCHEZ, CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ,

ALFARO, AGUILAR and GALINDO and other members of California-based ICs and JWs putative Class I, II, III have suffered and continue to suffer, substantial losses related to the use and enjoyment of such wages, as the result of Defendant's failure to maintain records in compliance with the Labor Code and Wage Order including but not limited to the expenses and attorney's fees and costs in seeking to compel Defendant CAPITAL to fully perform its obligation under state law, all to their respective damage in amounts according to proof at trial and within the jurisdictional limitations of this Court.

189.    Plaintiffs IC Class Representatives SANCHEZ, CAMEY, RAMIREZ and JW Class Representatives JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO, on behalf of themselves and the ICs and JWs putative Class I, II, III members seek to recover in a civil action to the fullest extent permissible all available remedies including but not limited to all monies that Defendant CAPITAL should have lawfully paid, penalties including civil penalties, injunctive relief, interest, reasonable attorney's fees and costs of suit, and any other permitted remedies including those permitted pursuant to the Labor Code §§ 2698 et seq., 226 et seq., 558, 1174, 1197, 1198 and Code of Civil Procedure § 1021.5. The exact amount of the applicable penalties is an amount to be shown according to proof at trial and within the jurisdictional limits of the Court.

WHEREFORE, Plaintiffs and the Class Members pray for judgment as hereinafter set forth.

### TENTH CAUSE OF ACTION
Failure to Pay Timely Wages During Employment and Private Attorney Gen. Act (PAGA)
(Violation of Cal. Labor Code §§ 204, 1198, 2698, et seq. and IWC Wage Order)
(Alleged by Class I, II and III: California- based ICs and JWs represented by
Plaintiffs SANCHEZ, CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ,
ALFARO, AGUILAR and GALINDO against
Defendant CAPITAL, and all applicable DOES 1-30)

190.    Plaintiffs IC Class Representatives SANCHEZ, CAMEY, RAMIREZ and JW Class Representatives JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO, on behalf of themselves and the ICs and JWs putative Class I, II, III members, re-

1   allege and incorporate herein by this reference the allegations in each and every paragraph
2   above, as though fully set forth herein.

3   191.   Plaintiffs SANCHEZ, CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN
4   HERNANDEZ, ALFARO, AGUILAR and GALINDO and other California-based ICs and
5   JWs putative Class I, II, III members are/were non-exempt employees of Defendant CAPITAL
6   under the laws of the State of California within the meaning of the Labor Code and Wage
7   Order.

8   192.   Labor Code § 204 provides the timeframes by which employers must pay wages
9   due to their employees.  Pursuant to Labor Code § 204, other applicable laws and regulations,
10   and public policy, an employer must timely pay its employees for all hours worked, "all
11   wages...earned by any person in any employment are due and payable twice during each
12   calendar month, in days designated in advance by the employer as the regular paydays."

13   193.   Labor Code § 1198 states: "The maximum hours of work and the standard
14   conditions of labor fixed by the commission shall be the maximum hours of work and the
15   standard conditions of labor for employees.  The employment of any employee for longer
16   hours than those fixed by the order or under conditions of labor prohibited by the order is
17   unlawful."

18   194.   The "Minimum Wages" section and the "Hours and Days of Work" section of
19   the applicable Wage Order provides as a standard of conditions of labor that employees be paid
20   at least the applicable minimum wage and overtime wages for regular time and overtime time
21   suffered or permitted to work respectively.

22   195.   Through Defendant CAPITAL's conduct during the applicable statutory period
23   including, but not limited to, the conduct set forth herein, including that alleged on information
24   and belief, Defendant CAPITAL, its agents, managers, superintendents, or officers, directly
25   and/or indirectly failed to pay Plaintiffs SANCHEZ, CAMEY, RAMIREZ, JOSE
26   HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO and other
27   California-based ICs and JWs putative Class I, II, III members their wages within the time

28

---

47

1 requirements set forth in Labor Code § 204 and in violation of Labor Code § 1198 and the
2 applicable Wage Order.

3     196. Labor Code § 210 provides a penalty for a violation of Labor Code § 204 which
4 is collectable through the PAGA statute.

5     197. Labor Code § 558 provides a penalty for a violation of Labor Code § 1198
6 which is collectable through the PAGA statute.

7     198. At all relevant times herein, Defendant CAPITAL was/is Plaintiffs SANCHEZ,
8 CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR
9 and GALINDO and other California-based ICs and JWs putative Class I, II, III members'
10 employer and/or person acting on behalf of Defendants within the meaning of Labor Code §
11 558, who violated or caused to be violated, a section of Part 2, Chapter 1, of the Labor Code or
12 any provision regulating hours and days of work in any Order of the Industrial Welfare
13 Commission and, as such, are subject to penalties for each underpaid employee as set forth in
14 Labor Code § 558 including the payment of the underpaid wages to affected employees.

15     199. Labor Code § 558 establishes a civil penalty as follows: Any employer or other
16 person acting on behalf of an employer who violates, or causes to be violated, a section of this
17 chapter or any provision regulating hours and days of work in any order of the Industrial
18 Welfare Commission (including the "Hours and Days of Work" section of the Wage Order)
19 shall be subject to a civil penalty of (1) for any initial violation, fifty dollars ($50) for each
20 underpaid employee for each pay period for which the employee was underpaid in addition to
21 an amount sufficient to recover underpaid wages; (2) for each subsequent violation, one
22 hundred dollars ($100) for each underpaid employee for each pay period for which the
23 employee was underpaid in addition to an amount sufficient to recover underpaid wages; and
24 (3) wages recovered pursuant to this section shall be paid to the affected employee.

25     200. Plaintiffs IC Class Representatives SANCHEZ, CAMEY, RAMIREZ and JW
26 Class Representatives JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and
27 GALINDO, on behalf of themselves and the ICs and JWs putative Class I, II, III members seek
28 to recover in a civil action to the fullest extent permissible all available remedies including but

not limited to all monies that Defendant CAPITAL should have lawfully paid, penalties including civil penalties, interest, reasonable attorney's fees and costs of suit, and any other permitted remedies including those permitted pursuant to the Labor Code §§ 2698 et seq., 204, 210, 558, 1198 and Code of Civil Procedure § 1021.5. The exact amount of the applicable penalties is an amount to be shown according to proof at trial and within the jurisdictional limits of the Court.

WHEREFORE, Plaintiffs and the Class Members pray for judgment as hereinafter set forth.

## ELEVENTH CAUSE OF ACTION
Failure to Pay Wages Due Upon Termination and Private Attorney Gen. Act (PAGA)
(Violation of Labor Code §§ 201, 202, 203, 2698, et seq. and IWC Wage Order)
(Alleged by Class I, II and III: California- based ICs and JWs represented by Plaintiffs
SANCHEZ, CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO,
AGUILAR and GALINDO against Defendant CAPITAL, and all applicable DOES 1-30)

201.     Plaintiffs IC Class Representatives SANCHEZ, CAMEY, RAMIREZ and JW Class Representatives JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO, on behalf of themselves and the ICs and JWs putative Class I, II, III members, re-allege and incorporate herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

202.     Plaintiffs SANCHEZ, CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO and other California-based ICs and JWs putative Class I, II, III members are/were non-exempt employees of Defendant CAPITAL under the laws of the State of California within the meaning of the Labor Code and Wage Order.

203.     Labor Code § 201(a) states "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

204.     Labor Code § 202(a) states "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of

quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting."

205.    Through Defendant CAPITAL's conduct during the applicable statutory period including, but not limited to, the conduct set forth herein, including that alleged on information and belief, Defendant CAPITAL willfully failed to provide Plaintiffs JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO and other California-based JW putative Class II and III members, whose employment with Defendant ended at any point in the three years preceding the filing of the complaint or tolling thereof, with all wages due and owing, including minimum wages, wages for "all hours worked", overtime wages, all deduction made from their wages for necessary expenses and cost, including insurance and other tax related expenses within the time requirements set forth in Sections 201(a) and 202(a) of Labor Code.

206.    Labor Code § 203(a) states, in relevant part, "If an employer willfully fails to pay, without abatement or reduction, in accordance with sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

207.    Pursuant to Labor Code § 2699(f), for all provisions of the Labor Code that do not have a civil penalty specifically specified, there is an established civil penalty for a violation of the provisions as follows: one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation in which CAPITAL violated the Labor Code including Sections 201, 202 and 203.

208.    As a direct result of Defendant CAPITAL's violations as set forth hereinabove, Plaintiffs SANCHEZ, CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO and other members of California-based ICs and JWs

putative Class I, II, III have suffered and continue to suffer, substantial losses related to the use and enjoyment of such wages, as the result of Defendant's failure to maintain records in compliance with the Labor Code and Wage Order including but not limited to the expenses and attorney's fees and costs in seeking to compel Defendant CAPITAL to fully perform its obligation under state law, all to their respective damage in amounts according to proof at trial and within the jurisdictional limitations of this Court.

209. Plaintiffs IC Class Representatives SANCHEZ, CAMEY, RAMIREZ and JW Class Representatives JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO, on behalf of themselves and the ICs and JWs putative Class I, II, III members seek to recover in a civil action to the fullest extent permissible all available remedies including but not limited to all monies that Defendant CAPITAL should have lawfully paid, penalties including civil penalties, interest, reasonable attorney's fees and costs of suit, and any other permitted remedies including those permitted pursuant to the Labor Code §§ 2698 et seq., 203 and Code of Civil Procedure § 1021.5. The exact amount of the applicable penalties is an amount to be shown according to proof at trial and within the jurisdictional limits of the Court.

WHEREFORE, Plaintiffs and the Class Members pray for judgment as hereinafter set forth.

### TWELFTH CAUSE OF ACTION
Negligent Misrepresentation
(Civil Code §§ 1709-1710)
(Alleged by Class I: California-based ICs represented by Plaintiffs SANCHEZ, CAMEY, and RAMIREZ against Defendant CAPITAL, and all applicable DOES 1-30)

210. Plaintiffs IC Class Representatives SANCHEZ, CAMEY, RAMIREZ on behalf of themselves and the ICs putative Class I members, re-allege and incorporate herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

211. A negligent misrepresentation has occurred because, through Defendant CAPITAL's conduct during the applicable statutory period including, but not limited to, the conduct set forth and alleged herein, including that alleged on information and belief: (a) Defendant CAPITAL has represented to Plaintiffs SANCHEZ, CAMEY, RAMIREZ and

members of the California-based ICs putative Class 1 that an important fact is true, that is, that their proper classification is that of an independent contractor and not an employee; (b) Defendant CAPITAL's representations are/were not true; (c) Defendant CAPITAL had no reasonable grounds for believing the representation as to independent contractor status was true when it made it; (d) Defendant CAPITAL intended that Plaintiffs SANCHEZ, CAMEY, RAMIREZ and members of the California-based ICs putative Class 1 rely on this representation as to independent contractor status; (e) Plaintiffs SANCHEZ, CAMEY, RAMIREZ and members of the California-based ICs reasonably relied on Defendant CAPITAL's representation including but not limited to paying employer-side payroll taxes and other costs and being denied statutorily mandated employee benefits, when in fact Defendant CAPITAL should have paid for these items and provided the statutorily mandated employee benefits to them; (f) Plaintiffs SANCHEZ, CAMEY, RAMIREZ and members of the California-based IC putative Class 1 have been harmed by Defendant CAPITAL's representation including but not limited to out of pocket expenses (including payroll taxes) that should have been paid by Defendant CAPITAL and being denied statutory employee benefits; and (g) Plaintiffs SANCHEZ, CAMEY, RAMIREZ and members of the California-based ICs' reliance on Defendant CAPITAL's representation that they are/were independent contractors has been a substantial factor in causing their harm including the harm of not being paid properly, having to pay for costs that Defendant CAPITAL should have paid, and not being provided with statutory employee benefits.

212.  As a direct and proximate result of Defendant CAPITAL's conduct, Plaintiffs SANCHEZ, CAMEY, RAMIREZ and members of the California-based IC putative Class 1 have been damaged.

213.  Plaintiffs SANCHEZ, CAMEY and RAMIREZ are entitled and seek, individually and on behalf of the California-based IC putative Class 1, any and all available remedies including but not limited to recovery of any and all damages (including pursuant to Civil Code § 1709) including damages in the amount which will compensate Plaintiffs SANCHEZ, CAMEY, RAMIREZ and members of the California-based IC putative Class 1 for

all the detriment proximately caused whether it could have been anticipated or not under Civil Code § 3333, and recovery of reasonable attorney's fees and costs pursuant to Code of Civil Procedure § 1021.5, and the substantial benefit doctrine, and/or the common fund doctrine.

WHEREFORE, Plaintiffs and the Class Members pray for judgment as hereinafter set forth.

### THIRTEENTH CAUSE OF ACTION
Unfair Business Practice
(Business & Professions Code §§ 17200, et seq.)
(Alleged by Class I, II and III: California-based ICs and JWs represented by Plaintiffs SANCHEZ, CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO against Defendant CAPITAL, and all applicable DOES 1-30)

214.    Plaintiffs IC Class Representatives: SANCHEZ, CAMEY, RAMIREZ and JW Class Representatives:  JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO, on behalf of themselves and the ICs and JWs putative Class I, II, III members, re-allege and incorporate herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

215.    Business & Professions Code § 17200 states:  "As used in this chapter, unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code."

216.    Through Defendant CAPITAL's conduct during the applicable statutory period including, but not limited to, the conduct alleged herein as set forth herein, including that alleged on information and belief Defendant CAPITAL has engaged in business practices in California by practicing, employing, and utilizing, the employment practices outlined in the preceding paragraphs all in violation of California law and the applicable Industrial Welfare Commission Wage Orders. Defendant CAPITAL's use of such practices constitutes an unfair business practice, unfair competition, and provides as unfair advantage over Defendant CAPITAL's competitors doing business in the State of California that comply with their

obligations to properly provide employment conditions in compliance with the law and pay employees for all earned wages and compensation as required by law.

217. Defendant CAPITAL's violations of the Civil Code, Labor Code and the applicable Wage Order and their scheme to lower payroll costs as alleged herein constitute unlawful business practices because these actions were done in a systematic manner over a period of time to the detriment of Plaintiffs SANCHEZ, CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO and other members of California–based ICs and JWs putative Class I, II, III. The acts complained of herein occurred within the last four (4) years preceding the filing of this complaint and include, but are not limited to, failure to (i) classify cleaning and janitorial crews properly as employees and present them with agreements not prohibited by law; (ii) pay proper wages including that of minimum and overtime wages and wages for all hours worked; (iii) indemnify employees; (iv) pay timely wages upon termination of employment; and (v) maintain accurate records and provide and maintain accurate itemized wage statements.

218. Plaintiffs SANCHEZ, CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO are informed and believe and on that basis alleges that, at all times herein mentioned, Defendant CAPITAL engaged in the above-mentioned acts of unlawful, deceptive, and unfair business practices prohibited by Business and Professions Code §§ 17200 et seq., including those set forth in the preceding paragraph, thereby depriving Plaintiffs SANCHEZ, CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO and other members of California-based ICs and JWs putative Class I, II, III the minimum working condition standards and conditions due, including those under Labor Code and Wage Order.

219. As a result of Defendant CAPITAL's unfair competition and unlawful business practice, as alleged herein, Plaintiffs SANCHEZ, CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO and other members of California–based ICs and JWs putative Class I, II, III have suffered injury in fact and lost

money or property. Plaintiffs have been deprived of the rights to wages and benefits due including those as alleged herein.

220. Pursuant to Business & Professions Code § 17203, Plaintiffs SANCHEZ, CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO are entitled to seek restitution of all wages and other monies owed on behalf of themselves and other members of California-based ICs and JWs putative Class I, II, III belonging to them, including interest thereon, which Defendant CAPITAL wrongfully withheld from them and retained for itself by means of its unlawful and unfair business practices.

221. Plaintiffs SANCHEZ, CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO and other members of California-based ICs and JWs putative Class I, II, III are entitled to an injunction and other declaratory and equitable relief against such practices to prevent future damage for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

222. Plaintiffs SANCHEZ, CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO are informed and believe, and on that basis allege, that the illegal conduct alleged herein is continuing and there is no indication that Defendant CAPITAL will not continue such activity into the future. Plaintiffs further allege that if Defendant CAPITAL is not enjoined from the conduct set forth in this Complaint, it will continue to fail to pay the wage and compensation required to be paid and will fail to comply with other requirements of the Labor Code and Wage Order.

223. As a direct and proximate result of Defendant CAPITAL's conduct, Defendant CAPITAL has received and will continue to receive monies that rightfully belong to members of the general public who have been adversely affected by Defendant's conduct, as well as to Plaintiffs by virtue of unpaid wages and other monies.

224. Plaintiffs SANCHEZ, CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ, ALFARO, AGUILAR and GALINDO and other members of California-based ICs and JWs putative Class I, II, III are entitled and seek any and all available remedies

1   including but not limited to restitution and recovery of reasonable attorney's fees and costs

2   pursuant to Code of Civil Procedure § 1021.5, Business and Professions Code § 17200 et seq.,

3   the substantial benefit doctrine, and/or the common fund doctrine.

4        WHEREFORE, Plaintiffs and the Class Members pray for judgment as hereinafter set

5   forth.

6                     **PRAYER FOR RELIEF**

7        WHEREFORE, Plaintiffs pray for damages for judgment against all Defendants

8   CAPITAL and DOES 1-30, jointly and severally, as applicable, as follows:

9

10       a.     For declaratory relief to the extent permitted by law including but not limited to

11  (i) a declaration that SANCHEZ, CAMEY, RAMIREZ and other ICs are employees of

12  Defendant CAPITAL and that any agreement that purports to state otherwise is null and void,

13  and (ii) any agreement that purports to waive the protections of the Labor Code and Wage

14  Order are null and void;

15       b.     For injunctive relief to the extent permitted by law including, but not limited to,

16  as provided by the Labor Code § 226(h), and Business and Professions Code § 17200 et seq.;

17       c.     For restitution as provided by Business and Professions Code § 17200 et seq.;

18       d.     For an order requiring Defendants CAPITAL and all applicable DOES to

19  restore and disgorge all funds to each affected person acquired by means of any act or practice

20  declare by this Court to be unlawful, unfair or fraudulent and, therefore, constituting unfair

21  competition under Business and Professions Code § 17200 et seq.;

22       e.     For an award of unpaid wages, including minimum and overtime wages, wages

23  for "all hours worked" to the extent permissible by law to each affected person;

24       f.     For an award of any and all monies required to be paid and/or reimbursed to

25  Plaintiffs SANCHEZ, CAMEY, RAMIREZ, JOSE HERNANDEZ, JUAN HERNANDEZ,

26  ALFARO, AGUILAR and GALINDO and other members of California–based ICs and JWs

27  putative Class I, II, III including but not limited to monies required to be indemnified for;

28

g.   For penalties to the extent permitted pursuant to the Labor Code and Wage Order including, but not limited to, waiting time penalties under Labor Code § 203, penalties under Labor Code § 226(e), 558 and PAGA penalties;

h.   For an award of damages to the extent permissible by the Labor Code and Civil Code, including Labor Code § 226(e) and Civil Code §§ 1709, 1710, 3333;

i.   For an award of liquidated damages to the extent permissible by Labor Code § 1194.2;

j.   For pre- and post-judgment interest to the extent permitted by law including, but not limited to, Labor Code §§ 218.6 and 1194;

k.   For reasonable attorneys' fees and cost of suit and, to the extent permitted by law, including pursuant to Labor Code §§ 218.5, 226, 1194, 2698 et seq., and Code of Civil Procedure § 1021.5; and

l.   An award of such other and further relief as this Court deems proper and just.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial of this matter by jury to the extent authorized by law.

Dated: April 25, 2014

COREY, LUZAICH, DE GHETALDI, NASTARI & RIDDLE LLP

By: _Amanda L. Riddle_
AMANDA L. RIDDLE, ESQ.
Attorneys for Plaintiffs

Dated: April 25, 2014

LAW OFFICES OF PARVIZ DARABI

By: _____
PARVIZ DARABI, ESQ.
Attorneys for Plaintiffs

## ADDITIONAL PLAINTIFFS' COUNSEL

Dania M. Alvarenga – Bar No. 244486
Alvarenga Law
1671 The Alameda Ste 307
San Jose, CA 95126

ex. 1

EXHIBIT 1

# Law Office of Parviz Darabi

Parviz@darabilaw.com
San Francisco Airport Office
500 Airport Blvd, Suite 150
Burlingame, California 94010
650-343-5357 – phone
650-343-5391 – fax

**January 21, 2014**

## NOTICE PURSUANT TO CALIFORNIA LABOR CODE § 2699.3 (a) (1)

**BY CERTIFIED MAIL**

California Labor and Workforce Development Agency
Attn.: Rachel Van Patten
800 Capitol Mall, MIC-55
Sacramento, CA 95814

**BY CERTIFIED MAIL**

Capital Contractors, Inc., which will do business in California as,
Capital Building Maintenance Services, Inc.
National Corporate Research, Ltd., Agent for Service of Process
523 W. 6th Street, Suite 544
Los Angeles, CA 90014

Re:  Employees: Lilliana Sanchez dba Hernandez Janitorial Services; Yolanda Camey dba Professional CCS Cleaning Service; Jose Antonio Hernandez, Juan Carlos Hernandez, Jose Alfaro, Irma Gonzalez Aguilar, Victor Alotaya, Lucina Galindo, and other similarly situated employees.

Pursuant to California Labor Code §2699 and §2699.3 (a) (1), the above-named employees, by and through their attorneys, hereby give notice that Capital Contractors, Inc. (hereinafter "CCI") has violated the provisions of SB 459, California Code of Regulations, Title 8, § 11070(9)(A) and California Labor Code §§ 201, 202, 203, 204, 210, 213(d), 221, 223, 225.5, 226, 226.3, 226.4, 226.7, 226.8, 450, 510, 512, 558, 1194, 2753, 2802, 2804, 2810 and applicable sections of Division of Labor Standards Enforcement (DLSE), Industrial Welfare Commission Order (IWC) Order No. 5, as follows:

1. CCI has failed to compensate its employees for all hours worked, including overtime hours worked and minimum wage rate, thereby violating California Labor Code §§ 204, 223, 210, 510, 558, 225.5 applicable sections of Industrial Welfare Commission Order (IWO) No. 5 and Division of Labor Standards Enforcement (DLSE).

2. CCI has made illegal deductions from its employees' wages for costs, expenditures or losses incurred by them in discharging their duties, including but not limited to, deductions for service fees, bank fees, direct deposit fees, uniforms, supplies, materials and other things, thereby violating California Labor Code §§213(d), 221, 225.5, 450, applicable sections of Industrial Welfare Commission Order (IWO) No. 5 and Division of Labor Standards Enforcement (DLSE).

3. CCI has failed to provide its employees with an itemized statement showing the number of hours worked, thereby violating California Labor Code §§ 226, 226.3, 226.4, applicable sections of Industrial Welfare Commission Order (IWO) No. 5 and Division of Labor Standards Enforcement (DLSE).

4. CCI has failed to provide its employees with the required meal periods, and/or uninterrupted meal periods for each day employees worked, thereby violating California Labor Code §§ 226.7, 512 and applicable sections of Industrial Welfare Commission Order (IWO) No. 5 and Division of Labor Standards Enforcement (DLSE).

5. CCI has failed to provide its employees with the required rest periods, and/or uninterrupted rest periods for each day employees worked, thereby violating California Labor Code §§ 226.7, 512 and applicable sections of Industrial Welfare Commission Order (IWO) No. 5 and Division of Labor Standards Enforcement (DLSE).

6. CCI has failed to indemnify its employees and further failed to compensate its employees for the expenditures or losses incurred by them in direct consequence of the discharge of their duties and of their obedience to the directions of the employer, thereby violating California Code of Regulations, Title 8, § 11070(9)(A), California Labor Code §§2802, 2804 and applicable sections of Industrial Welfare Commission Order (IWO) No. 5 and Division of Labor Standards Enforcement (DLSE). See In re Work Uniform Cases, 133 Cal. App. 4th 328 (2005); Cal. Labor Code §§ 2698 et seq.

7. CCI has failed to pay its employees all the wages and money they were owed at the time their employment with CCI ended and for a period in excess of thirty day, thereby violating California Labor Code §§ 201, 202, 203, applicable sections of Industrial Welfare Commission Order (IWO) No. 5 and Division of Labor Standards Enforcement (DLSE).

8. CCI has engaged in pattern or practice and willfully misclassified its employees, as independent contractors or willfully charged them or deducted from their compensation fees for any purpose including for service fees, bank fees, including direct deposit fees, goods, materials, space rental, services, government licenses, repairs, equipment

maintenance or fines thereby violating SB 452, California Labor Code §§ 226.8, 2753 and applicable sections of Industrial Welfare Commission Order (IWO) No. 5 and Division of Labor Standards Enforcement (DLSE).

9. CCI has engaged in pattern or practice and has entered into an agreement or contract for labor or services with its employees knowing that the contract and agreement does not include funds sufficient to allow its employees / contractors to comply with applicable law and regulations governing labor or services to be provided, thereby violating California Labor Code §2810 and applicable sections of Industrial Welfare Commission Order (IWO) No. 5 and Division of Labor Standards Enforcement (DLSE).

10. CCI has engaged and continued an unlawful business policy and practice as part of the operation of its business entities in that it knowingly and intentionally fails to pay its employees all their wages and money they are owed, thereby violating California B&P Code 17200, *et seq.*, California Labor Code, and applicable sections of Industrial Welfare Commission Order (IWO) No. 5 and Division of Labor Standards Enforcement (DLSE).

CCI's employees are entitled to recovery of the unpaid/wrongfully withheld wages, civil and statutory penalties, interest, and recovery of legal fees and costs.

Sincerely,
THE LAW OFFICE OF PARVIZ DARABI

By:

Parviz Darabi, Esq.

2

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**FILED**
SAN MATEO COUNTY

APR 2 5 2014

Clerk of the Superior Court

By _____
DEPUTY CLERK

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CAPITAL CONTRACTORS INC., a New York Corporation which will do business in California as, CAPITAL BUILDING MAINTENANCE SERVICES INC.; and DOES 1-30, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**

*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LILLIANA SANCHEZ, YOLANDA CAMEY,
"Additional parties Attachment form is attached"

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

CASE NUMBER *(Número del Caso):* CIV 528210

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California County of San Mateo
400 County Center
Redwood City, CA 94063

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Parviz Darabi, Esq.
500 Airport Blvd., Suite 150
Burlingame, CA 94010

LAW OFFICES OF PARVIZ DARABI
Tel: (650) 343-5357 / Fax: (650) 343-5391

DATE: 04/25/14    APR 2 5 2014    JOHN C. FITTON    Clerk, by _____, Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

Martin Dean's
ESSENTIAL FORMS™

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

LILLIANA SANCHEZ,

| SHORT TITLE: SANCHEZ, et. al. vs. CAPITAL CONTRACTORS | SE NUMBER: |
|---|---|

## INSTRUCTIONS FOR USE

➢ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➢ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** (*Check only one box. Use a separate page for each type of party.*):

☑ Plaintiff  ☐ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant

JUAN CARLOS RAMIREZ, JOSE ANTONIO HERNANDEZ, JUAN CARLOS HERNANDEZ, JOSE ALFARO, IRMA GONZALEZ AGUILAR, LUCINA CALINDO, individually and on behalf of all others similarly situated,

Page _____ of _____

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]
Marxla Drosh)
ESSENTIAL FORMS™

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

LILLIANA SANCHEZ,

| Attorney or Party without Attorney:<br>PARVIZ DARABI<br>500 AIRPORT BLVD.<br>SUITE 150<br>BURLINGAME, CA 94010<br>Telephone No: 650-343-5357  FAX No: 650-343-5391<br>Ref. No. or File No.:<br>Attorney for: Plaintiff | For Court Use Only<br>**FILED**<br>SAN MATEO COUNTY<br>MAY 2 0 2014<br>Clerk of the Superior Court<br>By_____<br>DEPUTY CLERK |
|---|---|

Insert name of Court, and Judicial District and Branch Court:
SAN MATEO COUNTY SUPERIOR COURT UNLIMITED JURISDICTION

Plaintiff: LILLIANA SANCHEZ, ET AL

Defendant: CAPITAL CONTRACTORS, INC., ET AL

| **PROOF OF SERVICE**<br>**S&C** | Hearing Date:<br>Wed, Aug. 27, 2014 | Time:<br>9:00AM | Dept/Div:<br>7 | Case Number:<br>CIV528210 |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUMMONS AND COMPLAINT; CIVIL CASE COVER SHEET; CERTIFICATE RE COMPLEX CASE DESIGNATION; NOTICE OF CASE MANAGEMENT CONFERENCE; BLANK CASE MANAGEMENT STATEMENT; CIVIL TRIAL COURT MANAGEMENT RULES; ADR STIPULATION AND EVALUATION INSTRUCTIONS PACKET; NOTICE RE: NONREFUNDABLE ADVANCE JURY FEES INFO.

3. a. Party served:  CAPITAL CONTRACTORS INC., A NEW YORK CORPORATION WHICH WILL DO BUSINESS IN CALIFORNIA AS CAPITAL BUILDING MAINTENANCE SERVICES INC.

   b. Person served:  GENELLE VILLARRUEL-CUSTOMER SERVICE REPRESENTATIVE

4. Address where the party was served:  NATIONAL CORPORATE RESEARCH LTD.
   523 W. 6TH STREET
   SUITE 544
   LOS ANGELES, CA 90014

5. I served the party:
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Thu., May. 08, 2014 (2) at: 9:34AM

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   on behalf of:  CAPITAL CONTRACTORS INC., A NEW YORK CORPORATION WHICH WILL DO BUSINESS IN CALIFORNIA AS CAPITAL BUILDING MAINTENANCE SERVICES INC.
   Under CCP 416.10 (corporation)

7. **Person Who Served Papers:**
   a. GARY HANSEN C.C.P.S.

    HANSEN'S GUARANTEED PROCESS CO.
   9930 IMPERIAL HWY. SUITE D.
   DOWNEY, CA 90242
   (562)803-6400, FAX (562)803-6456
   gary@hansensguaranteed.com
   www.hansensguaranteed.com

   Recoverable Cost Per CCP 1033.5(a)(4)(B)
   d. *The Fee for Service was:*  $30.00
   e. I am: (3) registered California process server
      (i)  Owner
      (ii)  Registration No.:  2988
      (iii)  County:  Los Angeles
      (iv)  Expiration Date:  Fri, Sep. 12, 2014

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   Date: Fri, May. 09, 2014

PROOF OF SERVICE
S&C

(GARY HANSEN C.C.P.S.)

5357.56548

RECEIVED

MAY 1 9 2014

SUPERIOR COURT
CIVIL DIVISION

3

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, Stal     number, and address):*<br>Parviz Darabi, Esq. SBN209021<br>LAW OFFICES OF PARVIZ DARABI<br>500 Airport Blvd., Suite 150<br>Burlingame, CA 94010<br>TELEPHONE NO.: (650) 343-5357     FAX NO.: (650) 343-5357<br>ATTORNEY FOR *(Name):* Plaintiffs | FOR COURT USE ONLY<br><br>**FILED**<br>SAN MATEO COUNTY<br>APR 2 5 2014<br>Clerk of the Superior Court<br>By<br>DEPUTY CLERK |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME: Unlimited Jurisdiction

CASE NAME: SANCHEZ, et. al. vs. CAPITAL CONTRACTORS INC., et. al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited ☐ Limited<br>(Amount (Amount<br>demanded demanded is<br>exceeds $25,000) $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **CIV 528210**<br>JUDGE:<br>DEPT: |

Items 1–6 below must be completed *(see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22)<br>☐ Uninsured motorist (46) | ☐ Breach of contract/warranty (06)<br>☐ Rule 3.740 collections (09)<br>☐ Other collections (09)<br>☐ Insurance coverage (18)<br>☐ Other contract (37) | **(Cal. Rules of Court, rules 3.400–3.403)**<br>☐ Antitrust/Trade regulation (03)<br>☐ Construction defect (10)<br>☐ Mass tort (40)<br>☐ Securities litigation (28)<br>☐ Environmental/Toxic tort (30) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**<br>☐ Asbestos (04)<br>☐ Product liability (24)<br>☐ Medical malpractice (45)<br>☐ Other PI/PD/WD (23) | **Real Property**<br>☐ Eminent domain/Inverse<br>condemnation (14)<br>☐ Wrongful eviction (33)<br>☐ Other real property (26) | ☐ Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41)<br>**Enforcement of Judgment**<br>☐ Enforcement of judgment (20) |
| **Non-PI/PD/WD (Other) Tort**<br>☐ Business tort/unfair business practice (07)<br>☐ Civil rights (08)<br>☐ Defamation (13)<br>☐ Fraud (16)<br>☐ Intellectual property (19)<br>☐ Professional negligence (25)<br>☐ Other non-PI/PD/WD tort (35) | **Unlawful Detainer**<br>☐ Commercial (31)<br>☐ Residential (32)<br>☐ Drugs (38)<br>**Judicial Review**<br>☐ Asset forfeiture (05)<br>☐ Petition re: arbitration award (11) | **Miscellaneous Civil Complaint**<br>☐ RICO (27)<br>☐ Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>☐ Partnership and corporate governance (21)<br>☐ Other petition *(not specified above)* (43) |
| **Employment**<br>☐ Wrongful termination (36)<br>☑ Other employment (15) | ☐ Writ of mandate (02)<br>☐ Other judicial review (39) | |

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☑ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel    e. ☑ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence    f. ☑ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. ☑ monetary b. ☑ nonmonetary; declaratory or injunctive relief c. ☑ punitive
4. Number of causes of action *(specify):* THIRTEENTH
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 4/25/2014

Parviz Darabi, Esq.
_____     _____
(TYPE OR PRINT NAME)                  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007]     Martin Dean's ESSENTIAL FORMS™     **CIVIL CASE COVER SHEET**     Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov

LILLIANA SANCHEZ, et. al..

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)-Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach-Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case-Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ-Administrative Mandamus
    Writ-Mandamus on Limited Court Case Matter
    Writ-Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal-Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400-3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late Claim
    Other Civil Petition

Martin Dean's ESSENTIAL FORMS™

LILLIANA SANCHEZ,

4



**Superior Court of California**
**County of San Mateo**
**Civil Department**
**400 County Center**
**Redwood City, CA 94063-1655**
**(650)363-4599**
**www.sanmateocourt.org**

| | |
|---|---|
| LILLIANA SANCHEZ<br>Plaintiff(s)<br>vs.<br>CAPITAL CONTRACTORS INC<br>Defendant(s) | **Notice of Complex Case Status Conference**<br><br>Case No.: CIV 528210      Date: **06/27/14**<br>Time: **9:00 AM**<br>Dept. **21** |

Title:   LILLIANA SANCHEZ ETAL VS CAPITAL CONTRACTORS INC

You are hereby given notice of your Complex Case Status Conference. The date, time and department have been written above. At this conference, the Presiding Judge will decide whether this action is a complex case within the meaning of California Rules of Court ("CRC"), Rule 3.400, subdivision (a) and whether it should be assigned to a single judge for all purposes.

1.   In accordance with applicable **San Mateo County Local Rule 2.30**, you are hereby ordered to:
   a. **Serve** copies of this notice, your Civil Case Cover Sheet, and your Certificate Re: Complex Case Designation on all named parties in this action no later than service of your first appearance pleadings.
   b. **Give reasonable notice** of the Complex Case Status Conference to all named parties in this action, even if they have not yet made a first appearance or been formally served with the documents listed in subdivision (a). Such notice shall be given in the same manner as required for an ex parte application pursuant to CRC 3.1203.

> 2. **If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order To Show Cause hearing will be at the same time as the Complex Case Status Conference. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.**

3.   An action is provisionally a complex case if it involves one or more of the following types of claims: (1) antitrust or trade regulation claims; (2) construction defect claims involving many parties or structures; (3) securities claims or investment losses involving many parties; (4) environmental or toxic tort claims involving many parties; (5) claims involving massive torts; (6) claims involving class actions; or (7) insurance coverage claims arising out of any of the claims listed in subdivisions (1) through (6). The Court shall treat a provisionally complex action as a complex case until the Presiding Judge has the opportunity to decide whether the action meets the definition in CRC 3.400(a).

4.   Any party who files either a Civil Case Cover Sheet (pursuant to CRC 3.401) or a counter or joinder Civil Case Cover Sheet (pursuant to CRC 3.402, subdivision (b) or (c)), designating an action as a complex case in Items 1, 2 and/or 5, must also file an accompanying Certificate Re: Complex Case Designation in the form prescribed by the Court. The certificate must include supporting information showing a reasonable basis for the complex case designation being sought. Such supporting information may include, without limitation, a brief description of the following factors as they pertain to the particular action: (1) management of a large number of

separately represented parties; (2) complexity of anticipated factual and/or legal issues; (3) numerous pretrial motions that will be time-consuming to resolve; (4) management of a large number of witnesses or a substantial amount of documentary evidence; (5) coordination with related actions pending in one or more courts in other counties, states or countries or in a federal court; (6) whether or not certification of a putative class action will in fact be pursued; and (7) substantial post-judgment judicial supervision.

For further information regarding case management policies and procedures, see the court website at www.sanmateocourt.org

* Telephonic appearances at Complex Case Status Conference are available by contacting CourtCall, LLC, an independent vendor, at least 5 business days prior to the scheduled conference.

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that I am the clerk of this Court, not a party to this cause; that I served a copy of this notice on the below date, by placing a copy thereof in separate sealed envelopes addressed to the address shown by the records of this Court, and by then sealing said envelopes and depositing same, with postage fully pre-paid thereon, in the United States Mail at Redwood City, California.

Date: 04/28/14                                    John C. Fitton,
                                                  Court Executive Officer/Clerk


                                          By: REBECCA KRILL
                                              Deputy Clerk


Copies mailed to:

        PARVIZ DARABI
        500 AIRPORT BLVD., STE 150
        BURLINGAME CA 94010

Form: CCSC

5

# NOTICE OF CASE MANAGEMENT CONFERENCE

*Lilliana Sanchez, et al*

*vs.*

*Capital Contractors, Inc.*

**FILED**
SAN MATEO COUNTY

APR 9 2014

Clerk of the Superior Court

By_____
DEPUTY CLERK

Case No. **CIV 5 2 8 2 1 0**

Date: 8-27-14

Time 9:00 a.m.

Dept. _____ --on Tuesday & Thursday

Dept. 7 --on Wednesday & Friday

You are hereby given notice of your Case Management Conference. The date, time and department have been written above.

1. In accordance with applicable California Rules of the Court and local Rules 2.3(d)1-4 and 2.3(m), you are hereby ordered to:

    a) **Serve** all named defendants and file proofs of service on those defendants with the court within **60-days** of filing the complaint (CRC 201.7).

    b) **Serve** a copy of this notice, Case Management Statement and ADR Information Sheet on all named parties in this action.

    c) **File and serve** a completed Case Management Statement at least **15-days** before the Case Management Conference [CRC 212(g)]. Failure to do so may result in monetary sanctions.

    d) **Meet and confer**, in person or by telephone, to consider each of the issues identified in CRC 212(f) no later than **30-days** before the date set for the Case Management Conference.

2. **If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order to Show Cause hearing will be at the same time as the Case Management Conference hearing. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.**

3. Continuances of Case Management Conferences are highly disfavored unless good cause is shown.

4. Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation to ADR and Proposed Order (see attached form). If plaintiff files a Stipulation to ADR and Proposed Order electing to proceed to judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the Arbitration Administrator. If plaintiffs and defendants file a **completed** stipulation to another ADR process (e.g., mediation) **10-days** prior to the first scheduled Case Management Conference, the Case Management Conference will be continued for 90-days to allow parties time to complete their ADR session. The court will notify parties of their new Case Management Conference date.

5. If you have filed a default or a judgment has been entered, your case is not automatically taken off Case Management Conference Calendar. If "Does", "Roes", etc. are named in your complaint, they must be dismissed in order to close the case. If any party is in bankruptcy, the case is stayed only as to that named party.

6. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

7. The Case Management judge will issue orders at the conclusion of the conference that may include:

    a) Referring parties to voluntary ADR and setting an ADR completion date;

    b) Dismissing or severing claims or parties;

    c) Setting a trial date.

8. The Case Management judge may be the trial judge in this case.

For further information regarding case management policies and procedures, see the court's website at: www.sanmateocourt.org

*Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least five business days prior to the scheduled conference (see attached CourtCall information).*

6

| Attorney or Party without Attorney (Name/Address) | FOR COURT USE ONLY |
|---|---|
| Parviz Darabi, Esq.<br>Law Offices of Parviz Darabi<br>500 Airport Blvd., Ste 150<br>Burlingame, CA 94010<br>Telephone: (650)343-5357<br>State Bar No.: 209021<br>Attorney for: Plaintiffs | **FILED**<br>SAN MATEO COUNTY<br>APR 2 5 2014<br>Clerk of the Superior Court<br>By _____<br>DEPUTY CLERK |
| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN MATEO<br>400 COUNTY CENTER<br>REDWOOD CITY, CA 94063 | |
| Plaintiff SANCHEZ, et al. | |
| Defendant CAPITAL CONTACTORS INC., et al. | |
| **Certificate Re Complex Case Designation** | Case Number<br>**CIV 5 2 8 2 1 0** |

## This certificate must be completed and filed with your Civil Case Cover Sheet if you have checked a Complex Case designation or Counter-Designation

1.     In the attached Civil Case Cover Sheet, this case is being designated or counter-designated as a complex case [or as not a complex case] because at least one or more of the following boxes has been checked:

        ☐   Box 1 – Case type that is best described as being [or not being] provisionally complex civil litigation (i.e., antitrust or trade regulation claims, construction defect claims involving many parties or structures, securities claims or investment losses involving many parties, environmental or toxic tort claims involving many parties, claims involving mass torts, or insurance coverage claims arising out of any of the foregoing claims).

        ☒   Box 2 – Complex [or not complex] due to factors requiring exceptional judicial management

        ☐   Box 5 – Is [or is not] a class action suit.

2.     This case is being so designated based upon the following supporting information [including, without limitation, a brief description of the following factors as they pertain to this particular case: (1) management of a large number of separately represented parties; (2) complexity of anticipated factual and/or legal issues; (3) numerous pretrial motions that will be time-consuming to resolve; (4) management of a large number of witnesses or a substantial amount of documentary evidence; (5) coordination with related actions

pending in one or more courts in other counties, states or countries or in a federal court; (6) whether or not certification of a putative class action will in fact be pursued; and (7) substantial post-judgment judicial supervision]:

This is a class action involving hundreds, if not thousands of potential plaintiffs. This case

will involve extensive discovery, including written discovery and depositions, and numerous

pre-trial motions that will be time consuming. Due to the underlying facts of the case, there are a

large number of witnesses. In addition, certification of a putative class aciton will be pursued.

Post-judgment judicial supervision will also be required.

*(attach additional pages if necessary)*

3.   Based on the above-stated supporting information, there is a reasonable basis for the complex case designation or counter-designation [or noncomplex case counter-designation] being made in the attached Civil Case Cover Sheet.

*****

I, the undersigned counsel or self-represented party, hereby certify that the above is true and correct and that I make this certification subject to the applicable provisions of California Code of Civil Procedure, Section 128.7 and/or California Rules of Professional Conduct, Rule 5-200 (B) and San Mateo County Superior Court Local Rules, Local Rule 2.30.

Dated:   April 25, 2014

Parviz Darabi, Esq.

[Type or Print Name]                           [Signature of Party or Attorney For Party]

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State ..mber, and address):
Parviz Darabi, Esq.     SBN209021
LAW OFFICES OF PARVIZ DARABI
500 Airport Blvd., Suite 150
Burlingame, CA 94010
TELEPHONE NO.: (650) 343-5357     FAX NO.(Optional): (650) 343-5357
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Plaintiffs

**FILED**
SAN MATEO COUNTY

MAY 1 4 2014

Clerk of the Superior Court

By _____
DEPUTY CLERK

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME: Unlimited Jurisdiction

PETITIONER/PLAINTIFF:   LILLIANA SANCHEZ,

RESPONDENT/DEFENDANT:   CAPITAL CONTRACTORS INC., et. al.

| PROOF OF SERVICE BY FIRST-CLASS MAIL - CIVIL | CASE NUMBER: CIV528210 |
|---|---|

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1. I am over 18 years of age and **not a party to this action**. I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is:
   500 Airport Blvd., Suite 150, Burlingame, CA 94010

3. On *(date):* 05/12/2014     I mailed from *(city and state):* Burlingame, CA 94010
   the following **documents** *(specify):*
   Notice of Complex Case Statu Conference

☐ The documents are listed in the *Attachment to Proof of Service by First-Class Mail - Civil (Documents Served)* (form POS-030(D)).

4. I served the documents by enclosing them in an envelope and *(check one):*
   a. ☐ **depositing** the sealed envelope with the United States Postal Service with the postage fully prepaid.
   b. ☑ **placing** the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5. The envelope was addressed and mailed as follows:
   a. **Name** of person served:   CAPITAL CONTRACTORS INC., a New York Corporation
   b. **Address** of person served:
      CAPITAL CONTRACTORS INC., a New York Corporation which will do business in California as,
      CAPITAL BUILDING MAINTENANCE SERVICES INC.
      Agent for Service of Process-NATIONAL CORPORATE RESEARCH, LTD.
      523 W 6TH ST STE 544, LOS ANGELES CA 90014

☐ The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service by First-Class Mail-Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 05/12/2014

Theresa Harvey
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)

_____
(SIGNATURE OF PERSON COMPLETING THIS FORM)

| Form Approved for Optional Use Judicial Council of California POS-030 [New January 1, 2005] | **PROOF OF SERVICE BY FIRST-CLASS MAIL - CIVIL** (Proof of Service) | Code of Civil Procedure, §§ 1013, 1013a www.courtinfo.ca.gov |
|---|---|---|

Martin Dean's ESSENTIAL FORMS™

LILLIANA SANCHEZ,

RECEIVED
SAN MATEO COUNTY
MAY 1 4 2014
Clerk of the Superior Court

# PROOF OF SERVICE

STATE OF CALIFORNIA            )
                               )  ss.
COUNTY OF LOS ANGELES          )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 400 South Hope Street, 8th Floor Los Angeles, California 90071.

On **June 6, 2014**, I caused the foregoing documents described as **DEFENDANT CAPITAL CONTRACTORS, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT** to be served on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Dario De Ghetaldi<br>Amanda L. Riddle<br>COREY, LUZAICH, DE GHETALDI,<br>NASTARI & RIDDLE LLP<br>700 El Camino Real<br>P.O. Box 669<br>Millbrae, CA 94030 | Parviz Darabi<br>Andrew G. Watters<br>Daniel B. Swerdlin<br>LAW OFFICES OF PARVIZ DARABI<br>500 Airport Blvd., Ste. 150<br>Burlingame, CA 94010 |
| Dania M. Alvarenga<br>ALVARENGA LAW<br>1671 The Alameda, Ste. 307<br>San Jose, CA 95126 | |

**[ X ]    (BY MAIL)** Following ordinary business practices, I placed the document for collection and mailing at the offices of HOLLAND & KNIGHT LLP, 400 South Hope Street, 8th Floor, Los Angeles, California 90071, in a sealed envelope. I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service, and, in the ordinary course of business, such correspondence would be deposited with the United States Postal Service on the day on which it is collected at the business.

**[ X ]    (STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **June 6, 2014**, at Los Angeles, California.

Mitsuko Eubanks

#29727669_v19

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400 Fax: 213.896.2450