United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   LILLIANA SANCHEZ, et al.,                No. C-14-2622 MMC

12              Plaintiffs,                   **ORDER DIRECTING DEFENDANT TO
                                              SHOW CAUSE WHY ACTION SHOULD
13     v.                                     NOT BE REMANDED**

14   CAPITAL CONTRACTORS INC.,

15              Defendant.
     _____/

16

17        Before the Court is defendant Capital Contractors, Inc.'s ("Capital") Notice of

18   Removal, filed June 6, 2014, by which it has removed from state court a complaint filed by

19   plaintiffs Lilliana Sanchez, Yolanda Camey, Juan Carlos Ramirez, Jose Antonio

20   Hernandez, Juan Carlos Hernandez, Jose Alfaro, Irma Gonzalez Aguilar, and Lucinda

21   Calindo.  Having read and considered the Notice of Removal,[1] the Court, for the reasons

22   discussed below, will direct Capital to show cause why the above-titled action should not be

23   remanded for lack of subject matter jurisdiction.

24        In their complaint, plaintiffs allege eleven causes of action under the Private Attorney

25   General Act ("PAGA"), along with two other causes of action, specifically, a claim for

26   negligent misrepresentation and a claim under § 17200 of the California Business and

27   Professions Code.  In its Notice of Removal, Capital asserts the district court has

28
     _____

          [1]On July 9, 2014, the above-titled action was reassigned to the undersigned.

1  jurisdiction over plaintiffs' complaint under the Class Action Fairness Act ("CAFA").

2        Under CAFA, a district court has jurisdiction over a class action in which (1) the

3  matter in controversy exceeds the sum of $5,000,000, see 28 U.S.C. § 1332(d)(2),

4  (2) any member of the class is a citizen of a state different from any defendant, see 28

5  U.S.C. § 1332(d)(2)(A), and (3) the class consists of at least one hundred persons, see 28

6  U.S.C. § 1332(d)(5)(B).  Here, Capital has sufficiently demonstrated that the parties are

7  diverse (see Notice of Removal ¶¶ 13-21), and plaintiffs bring the instant action on behalf of

8  a class that, plaintiffs allege, consists of more than one hundred persons (see Compl.

9  ¶¶ 22, 60).  Accordingly, the remaining issue, for purposes of determining whether the

10  Court has jurisdiction under CAFA, is whether the amount in controversy exceeds the sum

11  of $5,000,000.

12        In that regard, Capital has endeavored to calculate the amount in controversy as to

13  certain of the PAGA claims, and, as to those claims, contends the amount in controversy

14  totals at least $8,518,200.  (See Notice of Removal ¶ 61.)  Capital concedes it has not

15  "assess[ed] the amount in controversy" with respect to plaintiffs' remaining claims, including

16  plaintiffs' claims for negligent representation and violation of § 17200.  (See id.)  In other

17  words, Capital seeks to show the requisite amount in controversy solely by reference to

18  plaintiffs' PAGA claims.

19        The Ninth Circuit has held that "PAGA actions are . . . not sufficiently similar to Rule

20  23 class actions to trigger CAFA jurisdiction."  See Baumann v. Chase Investment Services

21  Corp., 747 F.3d 1117, 1122 (9th Cir. 2014).  As the Ninth Circuit has explained, district

22  courts thus lack "original jurisdiction" over PAGA claims, see id. at 1124, and, where a

23  defendant removes a PAGA claim pursuant to CAFA, it must be remanded even where the

24  amount in controversy raised thereby exceeds the sum of $5,000,000, see id. at 1120,

25  1124.  Consequently, even assuming Capital has shown the amount in controversy raised

26  by plaintiffs' PAGA claims exceeds the sum of $5,000,000, such showing is, as a matter of

27  law, insufficient to support the instant removal.  See id.  Put another way, the removal was

28  proper, only if the amount in controversy raised by plaintiffs' non-PAGA claims exceeds the

2

1   sum of $5,000,000.

2       As noted above, however, Capital has not argued, let alone shown by a

3   preponderance of evidence, that the amount in controversy raised by the non-PAGA claims

4   exceeds the sum of $5,000,000.  See Watkins v. Vital Pharmaceuticals, Inc., 720 F.3d

5   1180, 1181 (9th Cir. 2013) (holding defendant removing action under CAFA has "burden of

6   proving by a preponderance of evidence that the amount in controversy . . . exceeds $5

7   million").

8       Accordingly, Capital is hereby DIRECTED to show cause, in writing and no later

9   than July 25, 2014, why the above-titled action should not be remanded to state court for

10  lack of subject matter jurisdiction.  Plaintiffs shall file any response thereto no later than

11  August 1, 2014, on which date the Court will take the matter under submission.

12      **IT IS SO ORDERED.**

13

14  Dated:  July 11, 2014

15                                                    MAXINE M. CHESNEY
                                                      United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28