IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILLIANA SANCHEZ, et al., | No. C-14-2622 MMC |
| Plaintiffs, | **ORDER AFFORDING PARTIES OPPORTUNITY TO SUPPLEMENT BRIEFING ON DEFENDANT'S MOTION TO DISQUALIFY; CONTINUING HEARING** |
| v. | |
| CAPITAL CONTRACTORS INC., | |
| Defendant. | |

Before the Court is defendant Capital Contractors Inc.'s "Motion to Disqualify Counsel for Plaintiffs," filed June 23, 2014 and amended July 10, 2014. Plaintiffs have filed opposition, to which defendant has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court, for the reasons discussed below, finds it appropriate to afford plaintiffs leave to supplement their opposition.

Plaintiffs are eight individuals, each of whom falls within one of two groups. Plaintiffs refer to the first group, which consists of Lilliana Sanchez, Yolanda Camey, and Juan Carlos Ramirez, as "independent contractors ('ICs')," each of whom is alleged to own a company that contracted with defendant to perform janitorial work for defendant's clients. (See Compl. ¶¶ 3, 13-15.) Plaintiffs refer to the second group, which consists of Jose Antonio Hernandez, Juan Carlos Hernandez, Jose Alfaro, Irma Gonzalez Aguilar, and Lucinda Galindo, as "janitorial workers ('JWs')," each of who allegedly is or was

"employ[ed]" by one of the ICs.  (See Compl. ¶¶ 3, 16-20.)  In their complaint, plaintiffs allege each plaintiff is "in fact" a "non-exempt" employee of defendant.  (See Compl. ¶ 6.) Plaintiffs further allege that, in light of defendant's failure to classify them as non-exempt employees, defendant has failed to provide them with rights available under California law to non-exempt employees (see Compl. ¶ 2), including the right to be paid "overtime wages for all overtime worked" (see Compl. ¶ 138).

Defendant contends a conflict of interest exists between the two groups of plaintiffs. In that regard, defendant points to, inter alia, plaintiffs' allegations that the JWs are employed by the ICs and that the JWs have not been paid for overtime hours worked, which allegations, defendant notes, would potentially allow the JWs to seek to recover unpaid overtime compensation from the ICs in the alternative to their claims against defendant.  In their opposition, plaintiffs respond that defendant lacks standing to challenge plaintiffs' decision to be represented by the same counsel, that any purported conflict is too speculative to warrant disqualification, and, in any event, that plaintiffs have waived any conflict.

With respect to the third of the above-referenced arguments, however, the Court is unable to determine on the present record whether, as plaintiffs' counsel represents, adequate "conflict waivers" exist (see Darabi Decl. ¶ 3); in particular, in contrast to the cases on which plaintiffs rely, copies of the relevant documents reflecting the asserted waivers have not been filed.  See, e.g., Sharp v. Next Entertainment, Inc., 163 Cal. App. 4th 410, 431 (2008) (describing content of "written waivers"; finding said documents "demonstrated that the [two clients] understood and acknowledged the presence of all purported conflicts of interest and the material risks of continued representation by the [same counsel]"); McPhearson v. Michaels Co., 96 Cal. App. 4th 843, 850-51 (2002) (quoting declarations filed by present and former clients; finding each constituted "informed waiver of the conflict of interest"); Visa U.S.A., Inc. v. First Data Corp., 241 F. Supp. 2d 1100, 1107 (N.D. Cal. 2003) (quoting "waiver letter"; finding "[law firm] fully explained [to former client] the nature of the conflict waiver at issue").

In short, on the present record, plaintiffs' showing is insufficient to support a finding of waiver.  If plaintiffs wish the Court to further consider their argument that any conflict has been waived, plaintiffs must file, along with an authenticating declaration, each document that plaintiffs assert constitutes such waiver.  See id. at 1106 (holding "an evaluation of whether full disclosure was made and the client made an informed waiver is obviously a fact-specific inquiry"; listing factors for court's consideration, including, inter alia, "the specificity of the waiver") (internal quotation and citation omitted).[1]

Accordingly, plaintiffs are hereby afforded leave to supplement their opposition by filing, no later than November 7, 2014, the relevant documents reflecting the asserted waivers.  Should defendant wish to address the content of any such supplemental submission, it may file, no later than November 14, 2014, and not exceeding five pages in length, a supplemental reply.  If plaintiffs elect not to file said documents, the Court will proceed to rule based on plaintiffs' remaining arguments.

In light of the above, the hearing on defendant's motion to disqualify is hereby CONTINUED from October 31, 2014, to December 5, at 9:00 a.m.

**IT IS SO ORDERED.**

Dated:  October 28, 2014

MAXINE M. CHESNEY
United States District Judge

---

[1] In a declaration submitted in support of plaintiffs' opposition, plaintiffs' counsel states counsel "will provide copies of [the] waivers to the Court for an *in camera* review if the Court requires it." (See Darabi Decl. ¶ 3.)  Plaintiffs, however, cite no authority to support an order effectively precluding defendant's ability to contest the adequacy of any such submission, and, as discussed above, other parties seeking to establish a valid waiver have filed the relevant document(s) in the public record.

3