IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILLIANA SANCHEZ, et al., | No. C-14-2622 MMC |
| Plaintiffs, | **ORDER DENYING DEFENDANT'S MOTION TO DISQUALIFY; VACATING HEARING** |
| v. | |
| CAPITAL CONTRACTORS INC., | |
| Defendant. / | |

Before the Court is defendant Capital Contractors Inc.'s ("Capital") "Motion to Disqualify Counsel for Plaintiffs," filed June 23, 2014 and amended July 10, 2014.  Plaintiffs have filed opposition, to which defendant has replied.  Further, with leave of court, the parties have filed supplemental briefing.  Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for December 5, 2014, and rules as follows.

Plaintiffs are eight individuals, each of whom falls within one of two defined groups. Plaintiffs refer to the first group, which consists of Lilliana Sanchez, Yolanda Camey, and Juan Carlos Ramirez, as "independent contractors ('ICs')," each of whom is alleged to own a company that contracted with Capital to perform janitorial work for Capital's clients.  (See Compl. ¶¶ 3, 13-15.)  Plaintiffs refer to the second group, which consists of Jose Antonio

Hernandez, Juan Carlos Hernandez, Jose Alfaro, Irma Gonzalez Aguilar, and Lucinda Galindo, as "janitorial workers ('JWs')," each of whom allegedly is or was "employ[ed]" by one of the ICs. (See Compl. ¶¶ 3, 16-20.) In their complaint, plaintiffs allege that each plaintiff is "in fact" a "non-exempt" employee of Capital (see Compl. ¶ 6), and that, in light of Capital's failure to classify them as non-exempt employees, defendant has not provided them with rights available under California law to non-exempt employees (see Compl. ¶ 2), for example, the right to be paid "overtime wages for all overtime worked" (see Compl. ¶ 138).

Capital argues that a conflict of interest exists between the two groups of plaintiffs, based on the complaint's allegation that the JWs are employed by the ICs, which allegation, according to Capital, suggests the JWs could seek to recover from the ICs as well. Plaintiffs, in addition to arguing that each named plaintiff has executed a valid written waiver of the asserted conflict, argue Capital lacks standing to seek disqualification of plaintiffs' counsel.

Although the Ninth Circuit has not determined the circumstances, if any, under which a party who is not a current or former client of an attorney has standing to seek disqualification thereof, several district courts have either found or assumed such standing could be shown where the asserted "ethical breach at issue so infects the litigation in which disqualification is sought that it impacts the moving party's interest in a just and lawful determination of [its] claims." See, e.g., Securities and Exchange Comm'n v. Tang, 831 F. Supp. 2d 1130, 1142-43 (N.D. Cal. 2011) (internal quotation and citation omitted) (holding plaintiff lacked standing to seek disqualification of defendant's counsel based on counsel's prior representation of another defendant, where plaintiff relied only on "general interest in the fair administration of justice" and failed to show asserted conflict would threaten its right to fair resolution of its claims); Abassi v. BAE Systems Information & Electronic Systems Integration, 2011 WL 890883, at *2 (S.D. Cal. March 7, 2011) (denying defendants' motion to disqualify counsel representing eight plaintiffs, where defendant argued interests of one such plaintiff might be adverse to interests of other seven; noting defendants failed to

"identif[y] an ethical breach infecting the litigation to the detriment of [d]efendants' claims"); Colyer v. Smith, 50 F. Supp. 2d 966, 971-72 (C.D. Cal. 1999) (holding plaintiff lacked standing to seek disqualification of defendant's counsel in light of counsel's asserted breach of duty to third party, where plaintiff failed to show asserted conflict "threaten[ed] [plaintiff's] individual right to a just determination of his claims").

Here, Capital fails to identify how a fair resolution of its affirmative claims, or its defenses to plaintiffs' claims, are obstructed or otherwise threatened by the asserted conflict. Capital asserts that, if the ICs and JWs did not have the same counsel, Capital could pursue a "joint defense or common interest agreement" with the ICs. (See Mot. at 6:15-20). Even if the unavailability of a cooperative arrangement were deemed a cognizable "impact," see Tang, 831 F. Supp. 2d at 1142, or "detriment," see Abassi, 2011 WL 890883, at *2, Capital fails to show the likelihood of any such arrangement being entered, in that the ICs have made claims against Capital for violation of the same Labor Code sections on which the JWs rely. In other words, even if the ICs and the JWs had separate counsel, the ICs and Capital would continue to be in an adverse relationship.

Accordingly, as Capital has not shown it has standing to challenge plaintiffs' decision to select the same counsel to represent them, the motion will be denied.

The Court notes, however, that in the event plaintiffs seek to certify a class, the issue of whether a conflict exists and, if so, whether it has been validly waived may bear on the propriety of class certification. See, e.g., Andrews Farms v. Calcot, Ltd., 2010 WL 3341963, at *1, *8 (E.D. Cal August 23, 2010) (considering merits of defendants' argument to decertify class based on assertion class counsel "represent[ed] a client [having] an 'irreconcilable conflict' with the members of the certified class"; denying motion where, inter alia, client who assertedly had conflict with class "knowingly consented to class counsel's continued representation of the class despite any alleged conflicts of interest" and "knowingly consented to the counsel's use of confidential information, if any"); Ellerd v. County of Los Angeles, 2009 WL 982077, at *4-5 (C.D. Cal. April 9, 2009) (denying motion for certification of overtime claims as collective action after finding two proposed groups

3

of plaintiffs had "inherent conflict," where plaintiffs' theory would require first group of plaintiffs to show second group of plaintiffs "violated the law and defendant's policies" in order for first group to prevail; affording plaintiffs leave to file new motion seeking certification on behalf of only one of two proposed groups of plaintiffs).[1]

**CONCLUSION**

For the reasons stated above, the motion to disqualify is hereby DENIED.

**IT IS SO ORDERED.**

Dated: December 2, 2014

MAXINE M. CHESNEY
United States District Judge

---

[1] The Court notes that the Waiver of Conflict forms filed by plaintiffs, even if valid as they pertain to the signatories thereto, appear to acknowledge an issue exists as to the propriety of both groups of putative class members being represented by the same counsel. See Fed. R. Civ. P. 23(g)(4) (providing class counsel must "fairly and adequately represent the interests of the class"). In particular, the forms indicate that, in the event the ICs are found to be independent contractors, plaintiffs' counsel would, at that point, have "the option of withdrawing" from representing either the ICs or the JWs (see, e.g., Darabi Decl., filed November 7, 2014, Ex. A at 1), thereby not only leaving one group of putative plaintiffs at risk of losing their counsel of choice, but, in all likelihood, at a later stage of the litigation.

4