United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LILLIANA SANCHEZ, et al.,

    Plaintiffs,

  v.

CAPITAL CONTRACTORS INC.,

    Defendant.

No. C-14-2622 MMC

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR LEAVE TO AMEND; VACATING HEARING**

    Before the Court is plaintiffs' "Motion for Leave to File Amended Complaint," filed December 19, 2014. Defendant Capital Contractors Inc. ("Capital") has filed opposition, to which plaintiffs have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

    Plaintiffs seek leave, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, to file a proposed First Amended Complaint ("Proposed FAC"),[2] by which they seek to do the following:

    (1) dismiss the existing Twelfth Cause of Action, by which plaintiffs allege a claim for negligent misrepresentation on behalf of the three "Independent Contractor" plaintiffs ("ICs");

---

[1] By order filed February 10, 2015, the Court took the matter under submission.

[2] The Proposed FAC is attached as Exhibit A to plaintiffs' motion.

(2) remove from the First through Eleventh Causes of Action the existing references to the Private Attorney General Act ("PAGA") (see, e.g., Compl. ¶ 103), and plead, as the Twelfth Cause of Action, a cause of action pursuant to PAGA based on the allegations set forth in the First through Eleventh Causes of Action (see Proposed FAC ¶ 146, 155-163).

(3) add allegations that each of the ICs used fictitious business names when they "worked for Capital" (see Proposed FAC ¶¶ 13-15), and that, at certain times, one of the ICs, specifically, Yolanda Camey, "perform[ed] janitorial services for Capital" through Professional CCS Cleaning Services ("CSS"), a "corporation" (see Proposed FAC ¶ 14);[3]

(4) add CSS as a plaintiff to each cause of action; and

(5) replace allegations that the ICs "employ" or "employed" one or more of the five "Janitorial Worker" plaintiffs ("JWs") (see, e.g., Compl. ¶¶ 3, 22, 27) with allegations that the ICs "engage" or "engaged" the JWs (see, e.g., Proposed FAC ¶¶ 11, 24, 31), and, additionally, replace an allegation that "Capital was either the employer or the joint employer of the JWs" (see Compl. ¶ 44) with the allegation that "Capital was the JWs employer" (see Proposed FAC ¶ 48).

As set forth below, the Court considers, in turn, Capital's opposition to each of the five proposed amendments.

Capital argues the first through third proposed amendments are unnecessary. Given the early stage of the proceedings and plaintiffs' expressed interest in clarifying the pleadings, however, as well as a lack of prejudice to Capital, the Court finds it appropriate to grant the motion as to the first three proposed amendments. See DCD Programs, Ltd. v. Leighton, F.2d 183, 186 (9th Cir. 1987) (noting Rule 15's "policy of favoring amendments to pleadings should be applied with extreme liberality"; holding, in light thereof, amendment should be afforded in absence of "bad faith, undue delay, prejudice to the opposing party, [and/or] futility of amendment") (internal quotation and citation omitted).

---

[3]According to plaintiffs, Camey, in 1999, began working for Capital using a fictitious business name, after which, in 2011, Camey formed CSS and thereafter worked for Capital through said corporation. (See Proposed FAC ¶ 14.)

2

The Court agrees with Capital, however, that the fourth proposed amendment would be futile. As Capital points out, a corporation cannot itself bring claims under the Labor Code provisions on which plaintiffs rely. See, e.g., Cal. Lab. Code § 226.8(a)(1) (providing "[i]t is unlawful for any person or employer to engage in . . . willful misclassification of an individual as an independent contractor") (emphasis added).

Lastly, Capital opposes the fifth proposed amendment, on the asserted ground it would effectively relieve plaintiffs of a binding judicial admission. The Court is not persuaded that such concern is sufficient to preclude the requested amendment. As currently pleaded in the complaint, the ICs' relationship to the JWs is ambiguous (see, e.g., Compl. ¶¶ 3, 5), and, in any event, any admissions contained therein likely would be admissible in evidence, albeit no longer binding. See Huey v. Honeywell, Inc., 82 F.3d 327, 333 (9th Cir. 1996) (holding "admissions" made in superseded pleading "are still admissible evidence, though not conclusive, like any other extrajudicial admission made by a party or its agent").[4]

Accordingly, plaintiffs' motion for leave to amend will be granted, with the exception that plaintiffs will not be afforded leave to add CSS as a plaintiff.

## CONCLUSION

For the reasons stated above, plaintiffs' motion is hereby GRANTED in part and DENIED in part. Specifically, to the extent plaintiffs seek leave to amend to make the above-referenced first, second, third, and fifth proposed amendments, the motion is hereby GRANTED, and to the extent plaintiffs seek leave to amend to make the above-referenced fourth proposed amendment, the motion is hereby DENIED.

//
//
//

---

[4] Although it appears from the instant motion that the five named JWs do not wish to proceed on the theory that they are employed by the ICs, the Court does not consider, at this stage of the proceedings, whether the named plaintiffs can limit the claims of the putative class members in such manner.

Plaintiffs are hereby DIRECTED to file an FAC in accordance with the above and no later than February 23, 2015.[5]

**IT IS SO ORDERED.**

Dated: February 12, 2015

MAXINE M. CHESNEY
United States District Judge

---

[5] The Court also notes that the proposed FAC as currently submitted refers to an attached "Exhibit A" (see Proposed FAC ¶ 152); no such exhibit is attached thereto.