IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILLIANA SANCHEZ, ET AL.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CAPITAL CONTRACTORS INC.,<br><br>　　　　　Defendant. | Case No. 14-cv-02622-MMC<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR ADMINISTRATIVE RELIEF**<br><br>Re: Dkt. No. 114 |

Before the Court is defendant's Motion, filed November 14, 2016, "for Administrative Relief from the Court's November 9, 2016 Order," by which order the Court struck defendant's Motion to Deny Class Certification, "without prejudice to defendant's moving, upon a showing of good cause, for relief from the Court's scheduling order." (See Order, filed November 9, 2016.)  Plaintiffs have filed opposition to the instant motion.  Having read and considered the parties' respective written submissions, the Court rules as follows.

Citing Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935 (9th Cir. 2009), defendant correctly observes that either a plaintiff or a defendant may "put the class certification issue before the district court," see id. at 939-40; in reliance thereon, defendant seeks to have its motion to deny class certification heard prior to plaintiffs' motion for class certification or, alternatively, jointly with plaintiffs' motion.[1]  Unlike Vinole, however, in which the district court had issued a scheduling order that set a deadline to

---

[1] In conformity with the Court's scheduling order, plaintiffs filed a motion for class certification on November 11, 2016, and noticed it for hearing on February 24, 2016.

file "pretrial motions" but provided no specific schedule with respect to the issue of class certification, see id. at 938-39, 942, here, as the Court explained in its order of November 9, 2016, the parties jointly requested in 2014 that the issue of class certification be put before the Court by way a motion filed by plaintiffs, and the Court approved such schedule.

In moving for relief from the Court's order of November 9, 2016, defendant has failed to show good cause to amend the scheduling order. There is no showing, for example, nor has defendant even argued, that the legal and/or factual issues to be presented are so novel or complex that defendant cannot adequately address them in its opposition to plaintiffs' motion.

Accordingly, defendant's motion for relief is hereby DENIED.

**IT IS SO ORDERED.**

Dated: November 22, 2016

MAXINE M. CHESNEY
United States District Judge