IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILLIANA SANCHEZ, ET AL., <br><br>　　　　Plaintiffs, <br><br>　　v. <br><br>CAPITAL CONTRACTORS INC., <br><br>　　　　Defendant. | Case No. 14-cv-02622-MMC <br><br>**ORDER CONTINUING HEARING ON PLAINTIFFS' MOTION FOR CLASS CERTIFICATION; AFFORDING DEFENDANT OPPORTUNITY TO FILE SURREPLY; CONTINUING CASE MANAGEMENT CONFERENCE** |

　　　　Before the Court is plaintiffs' "Motion for Class Certification," filed November 11, 2016.  Defendant has filed opposition, to which plaintiffs have replied.  Having read and considered the papers filed in support of and in opposition to the motion, the Court, for the reasons stated below, finds it appropriate to afford defendant the opportunity to file a surreply to address new arguments raised for the first time in the reply.

　　　　In their motion, plaintiffs seek an order certifying a class for purposes of resolving their "claims for monetary and injunctive relief" (see Pls.' P. & A. at 2:7-8), which claims they define as their "entitlement to 1) minimum and overtime wages, 2) meal and rest period periods, 3) reimbursement of business expenses and pay deductions, 4) indemnity from [defendant], 5) restitution under Cal. Bus. & Prof. Code § 17200, et seq., 6) the adequacy of [defendant's] recordkeeping and wage statement practices . . ., and 7) whether a 'good faith' dispute (so as to avoid . . . 'waiting time' penalties) exists" (see id. at 15:18-24).

　　　　In their moving papers, plaintiffs focus on the threshold issue of their classification by defendant as independent contractors rather than employees.  Specifically, they argue that one of the factors relevant to such determination, in particular, the "right to control,"

is amenable to determination by common evidence.  (See, e.g., id. at 15:1-16.)

In their motion, plaintiffs do not address in any meaningful manner any of the other relevant factors, see Tieberg v. Unemployment Insurance Appeals Board, 2 Cal. 3d 943, 946, 950 (1970) (holding trial court erred in determining employment status based solely on "right to control" and without considering "secondary factors"), let alone how their substantive claims are subject to resolution on a class-wide basis.  In their reply, however, plaintiffs have included a more detailed discussion both as to the additional factors bearing on their status as employees (see Pls.' Reply at 5:12 - 6:28), as well as the amenability of their claims to class-wide resolution (see id. at 7:1 - 8:28).

Because defendant has not had the opportunity to address such arguments, the Court finds its appropriate to afford defendant the opportunity to do so prior to the Court's resolution of the instant motion.  Specifically, defendant is hereby afforded leave to file, no later than March 10, 2017, a surreply, limited to ten pages in length exclusive of exhibits.

In light of the above, the hearing on plaintiffs' motion for class certification is hereby CONTINUED from February 24, 2017, to March 31, 2017, at 9:00 a.m.  Further, the Case Management Conference is hereby CONTINUED from February 24, 2017, to May 5, 2017, at 10:30 a.m.; a Joint Case Management Statement shall be filed no later than April 28, 2017.

**IT IS SO ORDERED.**

Dated: February 22, 2017

MAXINE M. CHESNEY
United States District Judge